## GEORGE A. SEIKER v. FREDERICK PRACHT.

REFEREE— *Report* — *Objection to Jurisdiction, too Late.*   After parties to an action have submitted their whole case to a referee, without objection, it is then too late for the losing party to insist that a regular term of the court had intervened between the order of reference and the report, at which no order was made continuing the reference, or extending the time for a report, and that for this reason the referee had no jurisdiction.

*Error from Marion District Court.*

ACTION for an accounting and a settlement of partnership business.   Judgment for plaintiff *Pracht* on December 4, 1885. The defendant *Seiker* brings the case to this court.   The opinion states the material facts.

*Waters, Chase & Tillotson,* for plaintiff in error.
*Keller & Dean,* for defendant in error.

Opinion by SIMPSON, C.: This is an action for an accounting, and a settlement of partnership business, commenced by Pracht against Seiker in the Marion district court. The parties were partners from September 1, 1879, until on or about the 1st day of October, 1880, in a general merchandise store, and selling agricultural implements on commission. Seiker kept the books, attended to the correspondence, and Pracht was the active manager and salesman. It appears that most of the capital was furnished by the defendant in error. All the issues were referred to a referee, who heard the testimony, and made a report that there was due Pracht from Seiker the sum of $3,039.58. In the record there is an admission in these words: "And the defendant admits that there was testimony tending to support the referee's report, but claims that he erred in not allowing testimony to be heard, as to the accounts between the parties in the firm of Pracht, Schultz & Co." Exceptions were filed to the report, but were overruled in the trial court. The report was approved, and a judgment rendered in favor of Pracht and against Seiker, for the amount found by the referee. A motion for a new trial was filed and overruled, and the cause is here.

Three principal assignments of error are relied on by the counsel for the plaintiff in error in their briefs. The first is, that the report was not made at the next term after the appointment of the referee. The exact facts are, that the referee was appointed at the June term, 1884, on the 13th day of June, by consent of both parties. We have not been able to find the order of reference in the record, and do not know whether by it the referee was required to report at any particular time. The next regular term of the district court of Marion county after the order of reference was made, was begun and held on the third Tuesday in October; and during this term the referee made no report, nor was there any order of

the court made extending the time, nor has there been any order of the court asked for or made respecting this matter. The report of the referee was made and filed on the 5th day of July, 1885; so that one regular term of the court intervened between the date of the order of reference and the qualification of the referee and the report of his proceedings, without any order having been made at the intervening term continuing the reference or extending the time within which to report; and it is said that as a legal consequence, the referee had no authority to act, he not having been qualified until February 3, 1885.

We think that the plaintiff in error is not in a position to now take advantage of the failure to report at the next succeeding term, even if it was essential that the referee should either report, or that the court should continue the reference by an extension of time within which a report was to be made. The facts were as well known then as now; and the plaintiff in error, without objection, so far as we know, proceeded to contest the matter before the referee, and then for the first time, (induced, we have no doubt, by the adverse report,) raised the objection now insisted upon. It is too late.

The second error insisted upon is the action of the referee in refusing to hear certain evidence that was offered, or rather certain witnesses that were produced on the second hearing. It appears that after the evidence had been closed by both sides, the plaintiff in error insisted on producing some further testimony, and strongly supported his motion for that purpose by an affidavit that induced the referee to make an additional order for a further hearing. This hearing, by the express terms of the order itself, was to be confined within certain limits, as specified by a list of items and matters upon which the motion was based. After these matters were exhausted, the plaintiff in error persisted in an attempt to introduce evidence as to the matters considered on the original hearing, and as to the reputation of Pracht for truth and veracity. The referee refused to hear any evidence about matters not specified, and this is urged as a material error; but we think this statement

is a sufficient refutation of such a claim.    When the evidence had been closed by both sides, a further hearing was a matter resting very largely, if not entirely, in the discretion of the referee, and when in furtherance of justice, or for any other substantial reason, he granted it upon reasonable conditions, it was but right to insist on a strict compliance with the terms on which the favor was granted.

The third alleged error complained of and most forcibly insisted upon is, that the referee erred in refusing to hear evidence as to the state of accounts of the firm of Pracht, Schultz & Co.    After the firm of Pracht & Seiker had done business until October, 1880, they dissolved, and became members of the firm of Pracht, Schultz & Co.; and Seiker claimed that they were interested in the new firm jointly, as partners, and not individually, and hence an accounting between them, to be complete, must include their interest in the new firm.    As we understand the report of the referee, the connection of these parties with the firm of Pracht, Schultz & Co. was a controverted question of fact, Pracht asserting that the firm of Pracht & Seiker was dissolved before he became a member of the new firm, and Seiker contending that the firm of Pracht & Seiker transferred their business to the new firm, and continued their partnership in all the transactions of the firm of Pracht, Schultz & Co.    This question of fact the referee determined in favor of Pracht, and for this reason refused to hear evidence about the condition of the business of the new firm.    There is evidence to sustain this finding of fact, because Pracht most distinctly affirms it.    The trial court approved the finding, and we cannot disturb it here, even if we should take the view that the weight of the evidence is the other way.    This disposes of all the questions raised in the briefs of counsel for plaintiff in error; and we have not searched the voluminous record very diligently to discover others.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.