Ballou *v.* Parsons.

ordered with costs to abide the event. Costs of appeal to neither party.

Judgment accordingly.(*a*)

---

## BALLOU and others *vs.* PARSONS and another.

On the taxation of costs, upon a judgment on the report of a referee, the referee's decision awarding judgment, stands before the clerk as the mandate of the court, and until vacated and set aside, such direction should be obeyed. The clerk has nothing to do with the question whether it has been regularly obtained.

Where there is an oral agreement, made before the referee, in open court, at the time of final submission, extending the time for making and delivering the report *indefinitely*, a party cannot terminate the reference, and bar the right to a decision by the referee, by serving a notice under section 273 of the Code.

It *seems* that, in such a case, the proper method of terminating the stipulation for indefinite extension is to serve upon the opposite party and the referee, a notice that unless the report is made and delivered within a reasonable time, to be specified, the reference will be deemed ended.

THE referee appointed in this action having made a report therein in favor of the plaintiff for $6,113.80, with costs, which the defendants claimed was irregular, and the plaintiffs having presented their bill of costs to the clerk for adjustment, the clerk refused to tax said costs, which refusal the plaintiffs claimed was irregular. For the purpose of presenting for judicial determination the above questions, it was stipulated and agreed between the attorneys for the respective parties that the plaintiffs might present to Judge BOCKES, at Chambers, or at Special Term, the questions presented by such refusal of the clerk, upon the papers presented to and used by said

clerk on such application for decision, as upon an appeal from said taxation ; that at the same time, and upon the same papers, the defendants might ask to have the report of the referee set aside, as upon a motion by them for that purpose; and that either party might appeal from the whole or any part of the order made on such hearing.

The case was accordingly heard at Special Term, and the following decision rendered by Justice BOCKES.

*D. A. Boies*, for the plaintiffs.

*Paris & Terry*, for the defendants.

BOCKES, J.   Two motions heard together — one by the plaintiffs to compel the clerk to adjust their costs and enter judgment, the other by the defendants to set aside the report.

The disposition of the motion to set aside the decision of the referee will, of course, determine the other ; but it may be remarked here that the refusal of the clerk to adjust the plaintiffs' costs and to enter judgment, according to the decision, was wrong.   The referee's decision, awarding judgment, stood before the clerk as the mandate of the court.   The clerk had nothing to do with the question whether it had been regularly obtained. That question was for the court, on proper application. Until vacated and set aside, its direction for judgment should be obeyed.

The important question, however, is now as to the regularity of the referee's decision — whether it was made and delivered in due time.

The case was a long time on trial before the referee, and was finally submitted to him for decision on the 9th April, 1869.   He held it under advisement until November 19th, 1872, when he made and delivered his decision, awarding judgment to the plaintiffs for $6,113.80, the amount claimed in the complaint, with costs.   In the

meantime, and on the 28th October, 1872, the defendants' attorneys served the plaintiffs' attorney with a notice of their election to terminate the reference.

Now, in the absence of any stipulation or agreement of the parties to extend the time within which the decision should be made and delivered, of course the report was out of time and irregular. (*Code,* § 273.) In that case the notice from the party of an election to end the reference, foreclosed all further right to proceed on the part of the referee. (10 *Abb., N.S.,* 289.)

But while it is conceded that there was no stipulation or agreement of the parties *in writing* to extend the time, it is claimed and urged that there was an oral agreement before the referee in open court, made at the time of the final submission to him, extending the time within which the report might be made and delivered *indefinitely.* And it is further insisted that when such indefinite extension is given, a party cannot terminate the reference and bar a right to a decision by the referee, by serving a notice of an election to end the reference ; that in such case a reasonable notice to the referee and opposite party should be given that a report is demanded, or an order should be obtained from the court, requiring a report within a specified time.

The first question here is one of fact : whether the time was extended indefinitely as is claimed. After a very careful examination of the papers submitted on the motion, I am of the opinion that it must be found that the parties had that understanding, amounting to an agreement to that effect. Such, I think, is the weight of evidence on the papers submitted, and I am bound, I think, so to hold. This understanding and agreement was made and entered into in the presence of the referee, at the time of the submission of the case to him for decision, and he was a party to it. Indeed it was made for the benefit and convenience of the referee, as well as in the interest

of the parties themselves, who desired a full and careful consideration of the case. Entered into in the presence of the referee, at the time of the submission, the agreement must be deemed to have been made in open court. A stipulation or agreement thus made, relating to the conduct of the suit, is binding on the parties. (25 *How.*, 1. 41 *Barb.*, 648. 7 *Paige*, 587.) To hold it binding seems to me but fair and just to the parties and to the referee. If these conclusions be sound, the case is the same as if the parties had agreed and stipulated in writing for an *indefinite extension* of time for the referee to make and deliver his report.

The next question is, how such *indefinite extension* of time may be terminated? Undoubtedly either party may terminate it by some fair proceeding. The question is how it may be done? Can it be terminated abruptly and *instanter*, by the service of a notice on the opposite attorney of an election to end the reference? Is this quite right to the party and to the referee who may have delayed his report, relying on the agreement of extension; should not a little time be allowed before foreclosing further action? The fairer and better rule would be, as it seems to me, to require in such case, a notice to the party and referee, one or both, that unless the report is made and delivered within a reasonable time, to be specified — say ten or twenty days — the reference will be deemed ended. This would render definite what was before left by stipulation indefinite. This rule is in conformity also with that applied to all agreements when performance is left indefinite, and it is just in its application. Such, too, is the spirit of the decision in *Thiesselin* v. *Rossett*, (3 *Abb.*, *N.S.*, 54.) It was there held in substance that relief should be obtained against delay by application to the court for an order of limitation. But I see no necessity for such application when the party and referee have been duly notified of an intention

to terminate the reference, fixing in the notice a reasonable time within which the report might be made and delivered. This would be a fair way to terminate the stipulation for an indefinite extension.

Under such a rule of practice either party could end the reference without unreasonable delay. Either could serve a notice on the opposite party and referee at any time, limiting the period within which the report should be delivered. Had this fair rule of practice been applied to this case the great delay which here existed could have been prevented by a reasonable notice from either party. If so inclined either could have obtained a report or terminated the reference in twenty days following the time given the referee by section 273.

Again, I think the referee has rights, after an extension like that given in this case, which should not be ignored. When there is no extension of the time he is bound to make and deliver his report within sixty days after final submission, or the consequences follow specified in section 273. But he should not be held to the penalty of a forfeiture and loss of fees, fairly earned, perhaps to a large amount, for a delay to which the parties gave consent.

The case of *Gregory* v. *Cryder*, (10 *Abb.*, 289,) was one wherein there was no extension of time, nor waiver of strict compliance with the provisions of section 273. That case differs on the facts from this under examination.

After considerable reflection I am brought to the conclusion that the notice served on the plaintiffs' attorney did not have the effect to terminate the reference, and that the report thereafter made and delivered by the referee is not irregular.

The motion to vacate and set aside the report or decision of the referee must be denied, and the plaintiff is entitled to have judgment entered thereon with costs.

The clerk will, of course, now adjust the plaintiffs' costs and insert them in the entry of judgment.    Costs of but one motion are allowed.(*a*)

[SARATOGA SPECIAL TERM, April 15, 1873.  *Bockes,* Justice.]

(*a*) On appeal the above opinion was adopted, and the decision affirmed by the General Term in the Third Department, and the decision of the latter court was affirmed by the Court of Appeals.  (See 55 *N. Y.,* 673 *S. C.*)