## WILLIAM M. PATTERSON, Appellant, *v.* SAMUEL T. KNAPP, Respondent.

*Sixty days prescribed of Code of Civil Procedure, § 1019, for the making of a decision — effect of a stipulation extending the time — oral agreements, not considered by the court — rule 11.*

The object of section 1019 of the Code of Civil Procedure is to induce the early decision of cases by referees, and to put it within the power of litigants to compel referees to decide promptly cases submitted to them; and an extension of the time within which a referee may decide the issues before him, for a definite period, does not operate to extend the time indefinitely, or to put it beyond the power of either party to terminate the reference in case the referee fails to decide within the time stipulated.

The object of rule 11 of the General Rules of Practice is to relieve courts from deciding the disputes arising between attorneys, as to whether or not a particular agreement was entered into in respect to the conduct of cases, and courts will not, as a rule, undertake to decide whether or not an oral agreement was entered into between the attorneys of the parties to an action.

APPEAL by the plaintiff, William M. Patterson, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of December, 1894, vacating and setting aside the report of a referee and the judgment entered thereon against the defendant.

On the 4th of January, 1890, by an order duly made and entered, the issues in this action were referred to a referee to hear and determine. January 30, 1892, the trial was begun and was continued from time to time until October 12, 1893, when the case was finally submitted to the referee for decision. On November 15, 1893, the attorneys for the parties, by a written stipulation, extended the time in which the decision might be made for sixty days from December 1, 1893, and thereafter by a like stipulation the referee's time was extended for thirty days from January 30, 1894; and on March 28, 1894, by a like stipulation his time was again extended for thirty days from that date, which extended time expired April 27, 1894, since when no extension of time, oral or written, has been given. On the 18th of September, 1894, defendant's attorneys served a written notice on the plaintiff's attorney and on the referee, terminating the reference, pursuant to section 1019 of the Code of Civil Procedure. On October 8, 1894, the referee made his report,

which was served on the defendant's attorney on the next day, and November 16, 1894, judgment thereon was entered in favor of the plaintiff for $5,354.66 damages and costs.

*E. H. Benn,* for the appellant.

*N. B. Sanborn,* for the respondent.

PER CURIAM:

Section 1019 of the Code of Civil Procedure provides: " Upon the trial by a referee of an issue of fact or an issue of law, or where a reference is made as prescribed in section one thousand and fifteen of this act, the referee's written report must be either filed with the clerk, or delivered to the attorney for one of the parties, within sixty days from the time when the cause or matter is finally submitted; otherwise, either party may, before it is filed or delivered, serve a notice upon the attorney for the adverse party that he elects to end the reference. In such a case the action must thenceforth proceed as if the reference had not been directed; and the referee is not entitled to any fees."

It is urged in behalf of the appellant that the time given the referee by statute in which to make his report having been extended, the parties lost their right to terminate the reference by notice, and *Thiesselin* v. *Rossett* (3 Abb. [N. S.] 54) is cited in support of the proposition. It was so held at Special Term; but the General Term in considering the case sought other grounds for its affirmance of the order; and in so far as the case holds that an extension of time to a referee suspends forever the operation of the section it is overruled. The object of the section was to faciltate the early decision of references, and to put it within the power of litigants to compel referees promptly to decide cases submitted to them; and an extension of the referee's time for a definite period does not operate to extend the time indefinitely or put it beyond the power of either party to terminate the reference in case the referee fails to decide within the time stipulated. The rule contended for would be wholly inconsistent with the terms of the written agreement entered into between the attorneys and violative of the purposes of the section.

The attorney for the plaintiff and the referee assert that when the case was submitted it was agreed between the attorneys that the

referee might have all the time he desired in which to decide the case. No memorandum of any such agreement was entered in the minutes of the referee, and the attorney for the defendant and his clerks deny that such an agreement was made. The object of rule 11 of the Supreme Court is to relieve courts from deciding the disputes arising between attorneys as to whether or not a particular agreement was entered into in respect to the conduct of the case, and we shall not undertake to decide in this case whether or not an oral agreement was entered into between the attorneys.

The order is affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and disbursements.