(31 Misc. Rep. 337.)

## GILL v. CLARK.

(Supreme Court, Special Term, Onondaga County. April, 1900.)

1. REFERENCE—REPORT—DELAY—ELECTION TO TERMINATE—WAIVER—REASON-
ABLE NOTICE.
Where a referee is given such time as he desires or may find necessary
to report, the right of either party, under Code Civ. Proc. § 1019, on fail-
ure of the referee to make report within 60 days, to elect to end the
reference by service of notice upon the opposite party, is waived, and
the reference cannot be ended without giving reasonable notice.

2. SAME—LETTER CONSTRUED AS EXTENSION OF TIME.
Where a referee is given such time as he desires to file a report, and
neglects for five months to make the same, a joint note from the parties
at the end of such period, to the effect that they expect a "decision in the
near future," operates as a limited extension of time to the referee.

3. SAME—TERMINATION OF REFERENCE.
Where a referee is requested, by the joint note of the parties, five
months after the submission of a cause, for a "decision in the near future,"
and no report is filed at the end of twenty-eight days thereafter, plaintiff
is entitled to terminate the reference on notice.

Action by Robert Gill against William Clark. Judgment was en-
tered in favor of defendant on the report of a referee, and plaintiff
moves to set aside and vacate the judgment and report. Motion sus-
tained.

Rogers & Atwell, for the motion.
A. E. Kilby, opposed.

ANDREWS, J. This action was tried before a referee, and was
finally submitted to him for his decision on August 18, 1899. He
made no report, and on January 18, 1900, the counsel for the re-
spective parties joined in a letter to him, in which they say that
they had long ago submitted the case of Gill vs. Clark, and they
thought they would drop him a joint note to refresh his recollection
"and procure a decision in the near future." No answer was re-
ceived, and on February 17, 1900, the plaintiff's attorneys served
upon defendant's attorney a notice ending the reference, in pursu-
ance to section 1019 of the Code of Civil Procedure. The latter
replied that such practice was irregular, and that, in view of the
joint note of January 18th, a definite time should be given the referee
within which to make and file his report. On March 1st the plain-
tiff's attorneys notified the referee that the reference had been termi-
nated. On March 3d the referee made and filed a report in favor of
the defendant. The question at issue is therefore whether the refer-
ence was ended by the notice of February 17th.

It is unquestionably true that section 1019 was enacted for the
benefit of parties to litigation, and may be waived by them. This
may be done, not only by formal stipulation, but by such conduct as in
fairness estops the litigant from taking advantage of the strict letter
of the law. Dwyer v. Hoffman, 39 Hun, 360. Such waiver may be
for an indefinite time, as in Ballou v. Parsons, 67 Barb. 19. Here, as
appears from the papers, the referee was allowed such time as he de-
sired or found necessary. In such a case the reference may not be

ended without giving reasonable notice. Or the waiver may be for a fixed period. When this has expired, the notice may be served at any time. Patterson v. Knapp, 83 Hun, 492, 32 N. Y. Supp. 32. In the case at bar it must first be determined whether the letter of January 18th was equivalent to an agreement to extend the time of the referee. If so, was the extension an indefinite one? If not, had the time given expired on February 17th?

I think the letter did operate as an extension of time. In this matter the interests of the referee are to be consulted as well as those of the parties. His compensation depends upon the filing of his report before the reference is ended. When the 60 days have expired, in the absence of any request, he might well hesitate, therefore, to continue his labor upon a case before him. But, upon the receipt of such a letter as the one here considered, he might fairly believe that his delay was forgiven, and that he might proceed with safety.

Yet the extension was not an indefinite one. The suggestion was that a decision should be procured "in the near future." Neither he nor the parties could have understood that the intention was to give an unlimited time. The language was not precise. It did not limit the referee to any fixed number of days, but it did limit him to "the near future." Consequently, when this time had expired, either party might terminate the reference. It is, of course, difficult to say exactly what was meant, and what the referee had the right to understand was meant, by these words. Still I think that 28 days was a delay beyond that justified by the joint note, and that on February 17th the extension given had expired. If this be so, the reference was properly ended, and the subsequent report of the referee, and the judgment entered thereon, were irregular. The motion is therefore granted, with $10 costs to plaintiff to abide the event.

Motion granted, with $10 costs to abide event.