W. A. BRADFORD, JR., AND L. E. WALKER v. D. L. CLINE, J. A. S. GRAVES, L. E. WALKER, *as receiver of the Hutchinson & Southern Railroad Company, the Hutchinson & Southern Railway Company, and the Gulf Railroad Company.*

(Filed January 8, 1903.)

1. REPORT OF REFEREE. Where the report of a referee appointed by the court to report law and facts in the case, is filed after the time designated in his order of appointment, and the party against whom judgment is rendered appears in court at or after the filing of such report and files a motion for a new trial. and in such motion makes no objection to the filing of such report at that time, and does not raise the question of such report being out of time, until after judgment is rendered on said report by the court, it will be presumed that such objection is waived.

2. INSUFFICIENCY OF EVIDENCE IN THE TRIAL COURT. This court will not reverse the decision of the trial court upon a question of fact, where the record as presented to this court does not purport to contain all the evidence heard in the trial court.

(Syllabus by the Court.)

Bradford and Walker v. Cline *et al.*

*Error from the District Court of Grant County; before John L. McAtee, Trial Judge.*

*J. W. Rose* and *D. S. Dill,* for plaintiffs in error.

*J. D. Houston, H. E. Asp* and *A. E. Helm,* for defendants in error.

### STATEMENT OF FACTS.

On the 28th day of April, 1898, D. L. Cline filed his petition in the district court of Grant county, Oklahoma, against J. D. Alexander and W. A. Bradford, Jr., L. E. Walker, and J. A. S. Graves, co-partners, doing business under the firm name and style of W. A. Bradford, Jr., and Co., L. E. Walker, as receiver of the Hutchinson and Southern railroad company, the Hutchinson and Southern railway company, a corporation, W. A. Bradford, Jr., L. E. Walker, and J. A. S. Graves. After several motions had been sustained and confessed to the petition, thereafter, on the 20th day of February, 1899, plaintiff filed his second amended petition, alleging an indebtedness against all the defendants and claiming judgment in the sum of $1,746.10, with interest at seven per cent. from March 1, 1898, against all the defendants. All of the defendants except J. D. Alexander filed an answer of general denial, and also filed an answer denying partnership. On the 18th day of December, 1899, this cause was by the district court of Grant county referred to C. M. Keiger, as sole referee, to hear the evidence, and report his finding of fact and conclusions of law, at the next regular term of the court. Keiger, on the same day, towit, the 18th day of December, 1899, qualified as referee, and on the 15th, 16th and 17th, days of January, 1900, all of the parties appearing ex-

cept J. D. Alexander, the evidence was introduced, and the case orally argued before the referee, and some time after that and prior to the May term, written briefs were filed by plaintiff and defendant, except Alexander.    The next regular term of the court following the December term in Grant county, was held during the month of May, 1900.    No report was made by the referee at that term.    On the 17th day of December, 1900, the same being the first day of the December term, 1900, of the court of Grant county, the report of the referee was filed. The said report recommends that a judgment be rendered in favor of the plaintiff and against W. A. Bradford and Company, on plaintiff's first cause of action, for $1,251.06, and on his tenth cause of action for $5.59, making a total of $1, 236.65, and finds in favor of all the other defendants, except Alexander.    No extension of time for making the report of the referee was ever granted by the court, and the record does not show that any time was allowed by the referee to   prepare exceptions to his report.    On the 18th day of December, 1900, W. A. Bradford, Jr., and L. E. Walker, composing the firm of W. A. Bradford, Jr., & Co., filed their motion in writing for a new trial, which motion was by the court overruled, to which the defendants excepted.    On the 19th day of December, 1900, C. M. Keiger, referee filed his motion to have the report of the referee confirmed, and on the same day plaintiff filed his motion to have the report confirmed, and also for judgment on the report.    And on the 21st day of December 1900, the court overruled the motion of Bradford and Walker, and sustained the motions of the referee, and the plaintiff, and rendered judgment against W. A. Bradford and L. E. Walker, for $1,389.15, and costs.    On the 22nd day of De-

cember, 1900, the plaintiffs in error, Bradford and Walker again filed a motion for a new trial, and on the same day filed a motion to vacate the judgment rendered on the 21st, and to strike the referee's report from the files; this latter motion to vacate the judgment being the only motion in which any objection is raised to the time in which the referee had filed his report.    Thereafter, and on the 6th day of April 1901, the motion of plaintiffs in error for a new trial, and the motion to vacate the judgment and to strike the report of the referee from the files, were presented to the court, and both overruled, to which the plaintiffs in error duly excepted, and assigned as error, and brought the case here for review. Affirmed.

Opinion of the court by

IRWIN, J.:   In this case the plaintiffs in error make five assignments of error.   The first, second, fourth and fifth are based upon the refusal of the court to grant a new trial, and in the argument the counsel base these assignments upon ten grounds; all the said grounds except the first and fourth depend for a decision upon the facts developed by the proof. These facts, or in fact, any facts or evidence upon which the referee or the trial court acted are not before this court.   The certificate attached to the case-made is as follows:

"The above and foregoing case-made contains full, true and complete copies of all pleadings, motions, orders, judgments, and matters and the final report of the referee, and all proceedings had in said cause, except the written and oral evidence introduced before the referee  on  the trial of said cause, before him, which written and oral evidence was not filed in the office of the clerk of the district court of Grant

county, Oklahoma Territory, and the above and foregoing case-made contains full, true and complete copies of all papers and all proceedings had in the above case except the evidence as hereinbefore stated.

"Signed, J. W. ROSE AND D. S. DILL.

"Attys. for W. A. Bradford, Jr. and L. E. Walker, partners under the firm name of W. A. Bradford, Jr. & Company."

By this it will be seen that the case-made does not purport or pretend to give the evidence or any part of it, and this court has repeatedly held that it will not disturb any finding of fact in the trial court, where the evidence is not preserved in a bill of exceptions, or case-made and presented to this court.

In *Grand Lodge of Ancient Order of United Workmen v. Oleva Furman,* 6 Okla. 649, and also in the same volume p. 671 in the case of the *Grand Lodge of Ancient Order of United Workmen v. Mary Edmonson,* this court says:

"Evidence—Sufficiency of—This court will not reverse a judgment upon the ground that it is not supported by sufficient evidence when the record filed herein does not purport to contain all of the evidence introduced at the trial of the cause."

*Board of Commissioners of Washita County v. F. M. Hubble,* 8 Okla. 169:

"Review.—Case-made must contain entire record. Before this court will consider the record and review the evidence, based upon the ground that the findings of the court and judgment thereon are contrary to the evidence, or are not sustained by sufficient evidence, it must affirmatively appear in the case-made itself that it contains all the evidence, and a mere statement or recital to that effect in the certificate of the trial judge is not sufficient."

And the same doctrine is held by the Kansas supreme court in the case of *Glover v. Lawler et al,* 18 Pac. 718, where the court says:

"As the record brought here does not show that it embraces all the evidence upon which the findings and judgments were based, we cannot say that they are not sufficiently supported."

In the case of *Grand Lodge v. Furman, supra,* the court cites with approval the following language:

"Where the record brought to the circuit court does not purport to contain all the evidence introduced on the trial in the court below, the supreme court cannot tell whether the findings and judgment of the court below are sustained by sufficient evidence or not."

Authorities there cited in support of this doctrine are: *Hill v. First Nat. Bank,* 42 Kans. 364; *Newcomer v. Barnes,* (Kansas), 48 Pac. 566.

And in this same case this court says:

"Error is never presumed. It must always be shown, and if it is not affirmatively shown, it will be presumed that no error has been committed.

And in the case of *Mulhall v. Mulhall,* 3 Okla. 304, the court say:

"Where the evidence and the record of the proceedings occurring on the trial of the cause are not brought to this court, but only the pleadings, findings and conclusions of the court and the motions made after judgment, the presumption is that all of the proceedings of the court are regular."

Now, as all of these assignments depend for their deci-

-sion upon the facts as developed, under the authorities above cited, they cannot at this time be considered by this court.

The first grounds of assignment of error as stated by plaintiff in error's counsel is irregularity in the proceedings of the referee, and abuse of his discretion, by which plaintiff in error was prevented from having a fair and impartial trial. We have examined the record and cannot find therefrom wherein this contention can be sustained; it is alleged in general terms, and is not pointed out by counsel with any degree of particularity, hence we must conclude it is not earnestly insisted upon.

The fourth contention is: "Errors of law occurring at the trial." We have examined the record closely and fail to find the errors complained of, and as they are not particularly pointed out to us by the attorneys for the plaintiff in error in their brief, we are unable to consider them.

This brings us back to the last and only remaining assignment of error, to-wit, the third, that the court erred in overruling the motion of plaintiff in error, to vacate the judgment rendered on December 21st, and to strike the report of the referee from the files. This based upon the objection that the report of the referee was made at a date subsequent to the time fixed for his report in the order making the appointment of a referee. This objection might be well taken if it had not been waived. At the time that judgment is entered upon the report of the referee, by the trial court, is the time at which this court must look at the record to determine the correctness of that judgment. The record shows that this report of the referee was filed on the 17th day of December,

1900, and on the 18th day of December, being the following day, defendants below, plaintiffs in error here, filed a motion for a new trial, alleging various grounds, but nowhere in such motion was there any objection raised to the time at which the report of the referee was filed, nor is the court's attention called to the fact that any objection is made to its having been filed out of time. The record further discloses that the plaintiffs in error were defendants before the referee, contested the matter before the referee, and raised no objection to the report of the referee being filed at the time it was filed, until after there had been a final judgment rendered against them by the court. The record also discloses that after final judgment, the plaintiffs in error, as defendants in the court below, filed their second motion for a new trial, without raising the objection that the report was filed out of time. We think the objection comes too late, after the motion for a new trial has been overruled, and judgment rendered on the report of the referee, and that a party cannot be heard to complain of the action of the court, when he was present participating in the proceedings, and made no objection to the action taken by the court in receiving and acting upon the report. It is a universal rule, which we think obtains in all courts, that an objection of this kind must be made, and the attention of the court challenged to the matter at the time, or it cannot subsequently be a ground or a claim of error. We think there is no doubt that the filing of a referee's report within the time required by the order of his appointment, is something that the parties to litigation may waive, and if their conduct is such as to reasonably raise the presumption in the mind of the court that it is waived, they are bound

thereby, and estopped from subsequently denying it.     The Kansas supreme court in the case of *Seiker v. Pracht* reported in the 18 Pac. at page 718 say:

"All the issues were referred to a referee, who heard the testimony and made a report that there was due Pracht from Seiker the sum of $3,039.58.     In the record there is an admission in these words:     And the defendant admits that there was testimony tending to support the referee's report, but claims that he erred in not allowing testimony to be heard as to the accounts between the parties in the firm of Pracht, Schultz & Co.     Exceptions were filed to the report, but were overruled in the trial court, the report approved, and a judgment rendered, in favor of Pracht and against Seiker, for the amount found by the referee.     A motion for a new trial was filed and overruled, and the cause is here. Three principal assignments of error are relied on by the counsel for the plaintiff in error in their briefs.     The first is that the report was not made at the next term after the appointment of the referee.     The exact facts are that the referee was appointed at the June term, 1884, on the 13th day of June by consent of both parties.     We have not been able to find the order of reference in the record, and do not know whether, by it, the referee was required to report at any particular time.     The next regular term of the district court of Marion county, after the order of reference was made, was begun and held on the third Tuesday in October; and during this term the referee made no report, nor was there any order of the court made extending the time, nor was there any order of court asked for or made respecting this matter.     The report of the referee was made and filed on the 5th day of July, 1885, so that one regular term of the court intervened between the date of the order of reference and the qualification of the referee and the report of his proceedings, without any order having been made at the intervening term continuing   the reference, or extending the time within which to report; and

it is said that as a legal consequence, the referee had no authority to act, he not having been qualified until February 3, 1885.

"We think that the plaintiff in error is not in a position to now take advantage of the failure to report at the next succeeding term, even if it was essential that the referee should either report, or that the court should continue the reference by an extension of time, within which a report was to be made. The facts were as well known then as now; and the plaintiff in error, without objection so far as we know, proceeded to contest the matter before the referee, and then, for the first time, (induced, we have no doubt, by the adverse report,) raised the objection now insisted upon. It is too late."

The Enc. Pleading and Practice, second vol. at page 516, contains the following language:

"It is a further principle of appellate procedure that an error to be available on appeal must have occurred without the express or implied consent of the appellant. A party is held on appeal to the position he assumed below, and is accordingly estopped to allege error in any action of the trial court which he has recognized as valid by his voluntary acts. Accordingly when the act assigned as error was done by the agreement of the parties it cannot be availed of on appeal to reverse the judgment although it is erroneous. So where a party fails to object below to a proceeding, he is presumed on appeal to waive contention as to its validity."

In this case the referee's report on these facts purports that the referee qualified, heard the evidence determined the issues, and made findings of fact and conclusions of law, and reported them to the court. Nothing affirmatively appears to show that this report is beyond the time allowed by the court for making the same. The trial court on such report would presume that it had jurisdiction to render judgment

thereon, if such report met the approval of the court, and would no doubt do so unless his attention was challenged to the objection that said report was out of time. But if the party to be affected is present participating in the trial, stands by without making any objections, and permits the court to receive and act upon and render judgment against him on said report, if there is error in such a case it is error of the party, and not the court, and it seems to us to be inconsistent to allow a party to so act towards the court, and then after final judgment is rendered, raise the objection he should have raised in the first instance. A party is not allowed to encourage the court in receiving a report of a referee which he knows is out of time, and allow the same to be filed, and then only object when the decision is against him. And we think that whatever merit there might have been at one time in this contention, was waived by the parties in the court below, and cannot avail in this court. For these reasons the decision of the district court is affirmed, at the costs of the appellant, with instructions to the district court to execute the judgment.

All the Justices concurring.