HERRING & YOUNG v. WEST *et al.*

No. 487.   Opinion Filed March 8, 1910.

(108 Pac. 372.)

REFERENCE—Filing Report—Waiver of Objections. Where the report of a referee appointed by the court to report the law and facts in the case is filed after the time set in his order of appointment, and the party against whom judgment is rendered appears in court after the filing thereof and excepts generally to its confirmation, and on the next day files motion to set aside

the order of confirmation for the purpose of excepting thereto, which is overruled, and does not raise the question of such report being filed out of time until after judgment is rendered on said report, it will be presumed that such objection is waived. (Syllabus by the Court.)

*Error from District Court, Roger Mills County; G. A. Brown, Judge.*

Action by Herring & Young against John H. West and Milo Burlingame. Judgment for defendants, and plaintiffs bring error. Affirmed.

*R. E. Echols* and *W. B. Merrill*, for plaintiffs in error.—Citing *De Long v. Stahl*, 13 Kan. 558.

*D. W. Tracey*, for defendants in error.—Citing: *Sieker v. Pracht* (Kan.) 18 Pac. 718; *State Bank v. Showers* (Kan.) 70 Pac. 332; *Bradford v. Cline*, 12 Okla. 339; *In re Robinson*, 104 N. Y. Supp. 588; *In re Estate of Chambois*, 12 Pac. 775; *People v. Temple et al.*, 37 Pac. 414; *Shore et al. v. Bank*, 59 Pac. 263.

TURNER, J.   On August 18, 1905, plaintiffs in error, Herring & Young, sued defendants in error, John H. West and Milo Burlingame, in the district court of Roger Mills county. After answer in the nature of a cross-petition and reply thereto filed, the court on April 19, 1906, being of opinion that a trial of the issues necessitated an examination of mutual accounts between the parties, by consent referred the same to a referee both as to law and facts involved, with instructions to make full and final report at the next regular term of the court.   Prior thereto, on August 1, 1906, pursuant to said order, both parties announcing ready for trial, the referee proceeded to hear the evidence and arguments of counsel, and on October 29, 1907, the same being the second day of the third term thereafter, filed his report in the cause; two terms of court having intervened since the making of said order. On the same day defendants were given until the 1st day of the next term to file objections to the report.   On January 20, 1908, being one of the days of said October term, defendants filed motion to confirm the report of the referee, which was accordingly done on January 27, 1908, same being the first day of the January term

of said court, to which order plaintiff excepted.  On the next day
by leave plaintiffs filed motion to set aside the order confirming
the referee's report for the purpose of excepting thereto, which
was overruled, and on February 6, 1908, filed motion to vacate
the judgment, on the ground that the same was not filed within the
time set by the order, which was also overruled and plaintiffs bring
the case here.  They assign that the court erred in overruling their
motion to vacate the judgment.  We do not think so, and are of the
opinion that plaintiffs' acts should be declared in effect a consent
to the extension of time taken by the referee, or, to put it as stated
in *Bradford v. Cline,* 12 Okla. 339, 72 Pac. 369, a waiver of the ob-
jection that the report was filed out of time. As in that case, so in
this, no objection was raised to the report being filed out of time
until after judgment was rendered.  The court there held such
objection waived, and so we do here for the same reason.  The
court in passing said:

"It is a universal rule, which we think obtains in all courts,
that an objection of this kind must be made and the attention of the
court challenged to the matter at the time, or it cannot subse-
quently be a ground or a claim of error.  We think there is no
doubt that the filing a referee's report within the time required by
the order of his appointment is something that the parties to liti-
gations may waive, and, if their conduct is such as to reasonably
raise the presumption in the mind of the court that it is waived,
they are bound thereby, and estopped from subsequently denying
it."

Such, in effect, was the holding of the court in *Sieker v. Pracht,*
39 Kan. 521, 18 Pac. 718.  There the report of the referee was
made and filed after the intervention of a regular term of court
between the order of reference and the filing of the report, with-
out any order having been made at the intervening term continuing
the reference or extending the time within which to file the report.
Exceptions were filed thereto, but overruled, the report approved,
and judgment rendered in favor of Pracht and against Sieker for
the amount found due by the referee.  A motion for new trial was
filed and overruled, and the cause appealed.  One of the assign-
ments made in the brief was that the report was not filed at the

next term after the appointment of the referee. The court held that the objection came too late, and, in effect, that plaintiff in error had consented to an extension of the time taken by the referee, and for that reason had waived any error on that point. In passing the court said:

"We think that the plaintiff in error is not in a position to now take advantage of the failure to report at the next succeeding term, even if it was essential that the referee should either report, or that the court should continue the reference by an extension of time within which a report was to be made. The facts were as well known then as now; and the plaintiff in error, without objection so far as we know, proceeded to contest the matter before the referee, and then, for the first time (induced, we have no doubt, by the adverse report), raised the objection now insisted upon. It is too late."

—and in the syllabus said:

"After parties to an action have submitted their whole case to a referee without objection, it is then too late for the losing party to insist that a regular term of the court had intervened between the order of reference and the report, at which no order was made continuing the reference, or extending the time for a report, and that, for this reason, the referee had no jurisdiction."

In *Robinson's Will,* 53 Misc. Rep. 171, 104 N. Y. Supp. 588, the third paragraph of the syllabus reads:

"The provisions of Code Civ. Proc. § 1019, that a referee shall report within 60 days from the submission of the cause may be waived by the conduct of the parties."

In this case the court said:

"The time of the referee to report * * * is deemed extended by such conduct of the parties as in fairness should estop the litigant from taking advantage of the strict letter of the law."

See, also, *Gill v. Clark,* 31 Misc. Rep. 337, 65 N. Y. Supp. 406.

In the instant case it affirmatively appears that the testimony was taken on August 1, 1906, which was within the time set by the court in the order of reference. It does not appear when the referee reached a determination upon the questions submitted to him, but presuming that he did his duty, and in favor of

the judgment of the lower court, we presume such determination was also reached within that time, and that only the filing of the report therein was out of time. Where such is the case, such filing is a mere irregularity, and does not preclude a waiver, or the court in passing on the report and rendering its decision on the questions involved. *Creeden v. Patrick,* 3 Neb. (Unof.) 459, 91 N. W. 872, citing *Deitrich v. Lincoln,* 13 Neb. 43, 13 N. W. 13; *Brown v. Williams,* 34 Neb. 376-382, 51 N. W. 851; *Gibbons v. Gibbons,* 24 Neb. 394-406, 39 N. W. 450.

As stated by the court in *Bradford et al. v. Cline et al., supra,* a party should not be allowed to encourage the court in receiving a report which he knows is out of time and allow the same to be filed, and then only object when the decision is against him. The motion to dismiss this appeal has been heretofore overruled by this court.

Finding no error in the action of the court in overruling defendant's motion to set aside the judgment, the decision of the trial court is affirmed.

All the Justices concur.