## BENTLEY v. RAMSEY.

No. 1707.   Opinion Filed May 14, 1912.

(123 Pac. 1064.)

**REFERENCE—Report—Delay in Filing—Waiver.** A cause having been, by agreement of all the parties, referred to a referee, the order of court prescribing the time in which he should report his findngs, and said report having been filed out of such prescribed time, and thereafter the losing party having filed his motion to set aside said report, not raising the question of the report being filed out of time, that constituted a waiver of such objection and his election to treat the same as filed in time, and the court in its discretion may refuse to permit him thereafter to raise such question.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County;*
*Roy Hoffman, Judge.*

Action by A. B. Ramsey against M. J. Bentley. Judgment for plaintiff, and defendant brings error. Affirmed.

*Blakeney & Maxey,* for plaintiff in error.

*A. M. Baldwin,* for defendant in error.

WILLIAMS, J.   This proceeding in error is to review the judgment in a certain action wherein the defendant in error was plaintiff and the plaintiff in error defendant. On July 16, 1906, the plaintiff sued said defendant in replevin in the justice of the peace court in Tecumseh township to recover two certain horses embraced in a certain chattel mortgage executed by one John Pecan, the value of which was alleged to be $75. Issue having been joined, judgment was rendered against the defendant. In due time an appeal was prosecuted to the district court of Pottawatomie county, where, by agreement, said cause was referred to Harry M. Ticknor, Esq., as referee, to report his findings of fact and conclusions of law therein within five days. This agreement and order were made on April 8, 1908. The referee proceeded to hear said cause, and on May 15, 1908,

the time having expired in which he was to report, it was again referred to him with instructions to report at the first day of the next term of court, which was June 1, 1908. On June 1, 1908, the parties agreed to continue the time in which said referee should report fifteen days. No report having been made on September 1, 1908, an order was made extending the time in which said referee should report for two weeks. On·January 6, 1909, the time in which said referee should report having expired, and no report having been made, the cause was again referred to the same party as referee, with directions to make his findings of fact and conclusions of law and report within 30 days from that date. On January 25, 1909, the time for making said report not having expired, the court again ordered, by agreement, that the same be extended fifteen days in addition to the time already granted. The time to report expired on February 20, 1909, and no further order of extension was made. On April 3, 1909, said referee filed his report in said court, without giving notice to the plaintiff in error thereof. On July 27, 1909, in the absence of the plaintiff in error, said report was confirmed and judgment rendered in favor of the defendant in error and against the plaintiff in error for the return of said property or the value thereof in the sum of $75. On September 21, 1909, the defendant filed his application or petition for said judgment to be vacated and a new trial granted, but among the grounds therein set out does not rely upon the fact that the referee's report was not filed within time. On March 19, 1910, a second amended application for said judgment to be vacated, and for a new trial, was filed, in which for the first time it was set up that said referee did not report his findings within the time authorized or permitted by law or within the time specified in the order appointing him or the order extending his time to report.

In *Herring & Young v. West et al.,* 25 Okla. 788, 108 Pac. 372, it is said:

"On January 20, 1908, being one of the days of said October term, defendants filed motion to confirm the report of the referee, which was accordingly done on January 27, 1908, same being the first day of the January term of said court, to which order

plaintiff excepted.    On the next day, by leave, plaintiffs filed motion to set aside the order confirming the referee's report for the purpose of excepting thereto, which was overruled, and on February 6, 1908, filed motion to vacate judgment, on the ground that the same was not filed within the time set by the order, which was also overruled and plaintiffs bring the case here.    They assign that the court erred in overruling their motion to vacate the judgment.    We do not think so, and are of the opinion that plaintiffs' acts should be declared in effect a consent to the extension of time taken by the referee, or, to put it as stated in *Bradford v. Cline,* 12 Okla. 339, 72 Pac. 369, a waiver of the objection that the report was filed out of time.    As in that case, so in this, no objection was raised to the report being filed out of time until after judgment was rendered.    The court there held such objection waived, and so we do here for the same reason."

See, to the same effect, *Seiker v. Pracht,* 39 Kan. 521, 18 Pac. 718.

When the plaintiff in error filed his motion to set aside the report of the referee, without objecting that it was not filed within the time prescribed by the order of the court, he waived the objection that the report was filed out of time.

The judgment of the lower court is affirmed.

All the Justices concur.