## HALE v. MARSHALL.

No. 5400. Opinion Filed November 2, 1915.

(153 Pac. 167.)

1. **REFERENCE—Right to Order—Examination of Mutual Accounts.** Where an action requires an examination of mutual accounts, etc., the court may, upon request of either party, or of its own motion, direct a reference; and an objection upon the part of either party, to having the matter referred, is of no avail.

2. **REFERENCE—Report of Referee—Time for Filing—Waiver of Objection.** Where a referee fails to report within the time fixed in the order appointing him, if either party timely object to his report being filed and accepted out of time, the objection should be sustained; and the delay of the referee would have the effect of a mistrial; but where a party consents that the report may be filed out of time, he will not on appeal be heard to complain of that irregularity. A party will not be permitted to experiment with a court. and if he fails to get what he wants, complain of irregularities he has waived.

3.    **APPEAL AND ERROR—Review—Report of Referee—Evidence.**
A referee's report is entitled to the same weight as a special find-
ing of a jury; and, where the evidence is conflicting, if his report
is supported by evidence, it will not be set aside.

ON REHEARING.

4.    **JURY—Right to Jury Trial—Constitutional Provision.** The con-
stitutional provision that the right of trial by jury shall be and
remain inviolate has reference to the right as it existed in the
territory at the time of the adoption of the Constitution, and does
not extend or enlarge the right as it then existed.

(Syllabus by Brett, C.)

*Error from District Court, Ottawa County;*
*Preston S. Davis, Judge.*

Action by H. L. Marshall against Charles L. Hale.
Judgment for plaintiff, and defendant brings error. Af-
firmed.

*Vern E. Thompson* and *A. C. Towne,* for plaintiff in
error.

*S. C. Fullerton,* for defendant in error.

Opinion by BRETT, C.   This is a suit on a partner-
ship contract with prayer for an accounting, in which de-
fendant in error was plaintiff, and plaintiff in error was
defendant.   The parties will be referred to as they ap-
peared in the lower court.

The defendant answered by a general denial, and by
cross-petition pleaded certain accounts, and asked for judg-
ment against the plaintiff.   A referee was appointed, over
the objection of the defendant, to hear the evidence, and
make a report of his findings to the court.   The referee
did not report at the time designated in the order making
the appointment, and the time for making his report was
duly extended.   He did not report within the time of the
extension; but counsel stipulated in writing that he might
file his report out of time, and specifically waived all ob-

jections to the fact that his report was filed out of time.
He found the defendant to be indebted to the plaintiff in
the sum of $2,408.08, and recommended judgment against
the defendant for that amount.   Judgment was rendered
in accordance with his recommendation, and from that
judgment the defendant appeals.

The defendant in his brief argues that it was error
to refer the cause over his objection.   But section 5019,
Rev. Laws 1910, provides that:

"When the parties do not consent, the court may, upon
the application of either, or of its own motion, direct a
reference in either of the following cases:   Where the trial
of an issue of fact shall require the examination of mutual
accounts, or when the account is on one side only, and it
shall be made to appear to the court that it is necessary
that the party on the other side should be examined as a
witness to prove the account; in which case the referees
may be directed to hear and report upon the whole issue,
or upon any specific question of fact involved therein; or
where the taking of an account shall be necessary for the
information of the court before judgment," etc.

The nature of this action clearly authorized the court
to refer the matter of its own motion, and the objection of
the defendant was of no avail.

The defendant also complains because the report of
the referee was filed out of time, and insists that, by rea-
son of the fact that it was filed out of time, it is a nullity,
and cites in support of this contention numerous cases in
which it has been held that a case-made is a nullity if not
made and served within the time allowed by the order fix-
ing the time for, making and serving a case-made, and also
other cases that hold that an order extending the time for
making and serving a case-made, which is made after the
time fixed in the original order has elapsed, is void.   But

Opinion of the Court.

these cases are not in point. The reason for the above rule is that if the time for making and serving a case-made is allowed to elapse, the judgment thereby becomes final; and the trial court thus loses jurisdiction of the cause. But when the court appoints a referee it does not by that act lose jurisdiction of the cause; the referee's report is only advisory. The court can either adopt or reject it; and, if the referee should never report, the court would still retain jurisdiction of the cause, and could appoint another referee, try the cause to a jury, or hear it himself. And the failure of a referee to report could have only the effect upon the case that the failure of a jury to agree would have, which at most would be only a mistrial. The defendant had a right, however, to object to the referee's report being made out of time, and if he had made timely objection, and the report had been filed and accepted over his objection, that would have presented an entirely different question. But when he stipulated that the report might be filed out of time, he waived his objections to that fact, and cannot now be heard to compain because the court permitted the very thing to be done which he had consented and agreed should be done, simply because the results were not what he had anticipated they would be. A party will not be permitted to experiment with the court by consenting to irregularities, and if he gets what he wants, accept it, but if he does not, then object to the very thing that he consented might be done, as illegal and not binding. There are many irregularities which a litigant can waive, and the irregularity here complained of is one of that class. *Herring & Young v. West et al.,* 25 Okla. 788, 108 Pac. 372; *Bradford et al. v. Cline et al.,* 12 Okla. 339, 72 Pac. 369.

The defendant further complains that the findings of the referee are wholly unsupported by the evidence. We think that is not the case. The evidence is very conflicting, and somewhat confusing, but there is evidence to support the finding of the referee. And it is settled in this state that the findings of a referee are entitled to the same weight as the special findings of a jury; and the legal presumption, where the evidence is conflicting, is that the finding of facts of the referee is correct, "and his report will not be set aside, unless it appears with reasonable clearness that he has fallen into a mistake of fact." *Eberle et al. v. Drennan et al.*, 40 Okla. 59, 136 Pac. 162, 51 L. R. A. (N. S.) 58; *Paulter v. Manuel et al.*, 25 Okla. 59, 108 Pac. 749; *Blakemore v. Johnson*, 24 Okla. 544, 103 Pac. 554. This court does not, and cannot, in actions at law where there is conflicting evidence, pass upon the facts. The parties who see the witnesses upon the stand, observe their deportment, their candor, or lack of candor, their tone and manner, are the only ones who are in a position to correctly weigh their conflicting statements.

We have examined the other errors assigned, and deem them without merit.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.

ON PETITION FOR REHEARING.

Opinion by BRETT, C. The only proposition raised by the petition for rehearing in this case that we deem necessary to notice is the contention of plaintiff in error that section 5019, Rev. Laws 1910, is *contra* and subversive of section 19, art. 2 of the Constitution of Oklahoma. Section 5019, *supra*, provides that:

"When the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in either of the following cases: Where the trial of an issue of fact shall require the examination of mutual accounts, or when the account is on one side only, and it shall be made to appear to the court that it is necessary that the party on the other side should be examined as a witness to prove the account; in which case the referee may be directed to hear and report upon the whole issue, or upon any specific question of fact involved therein; or where the taking of an account shall be necessary for the information of the court before judgment," etc.

And section 19, art. 2, of the Constitution provides that: "The right of trial by jury shall be and remain inviolate." But section 5019, Rev. Laws 1910, appears as section 4182, St. 1893; section 4479, Wilson's Rev. & Ann. St. 1903, and section 5811, Comp. Laws 1909, and consequently was in force at the time of the adoption of the Constitution; and this court, in harmony with all other courts that we have examined, holds that:

"* * * The constitutional provision declaring that the right of trial by jury shall remain inviolate has reference to the right to jury trial as it existed in the territory, at the time when the Constitution was adopted." (*State ex rel. v. Cobb,* 24 Okla. 662, 104 Pac. 361, 24 L. R. A. [N. S.] 639.)

The court, in the above opinion, further says:

"This construction is sustained by a great many authorities, among which we note the following: *Callan v. Wilson,* 127 U. S. 540, 8 Sup. Ct. 1301, 32 L. Ed. 223; *Work v. State of Ohio,* 2 Ohio St. 297, 59 Am. Dec. 671; *State ex rel. Jackson v. Kennie et al.,* 24 Mont. 45, 60 Pac. 589; *Kuhl et al. v. Pierce County,* 44 Neb. 584, 62 N. W. 1066; *State of Nevada v. McClear,* 11 Nev. 39; *Lavey et al. v. Doig,* 25 Fla. 611, 6 South. 259; *Ross v. Irving,* 14 Ill.

171; *Wheeler v. Caldwell,* 68 Kan. 776, 75 Pac. 1031; *Vaughn v. Scade et al.,* 30 Mo. 600.

"Section 23, art. 3, of the Constitution of Montana declares that the right of trial by jury shall be secured to all, and remain inviolate. Considering this, the Supreme Court said, in the case of *State ex rel. Jackson v. Kennie et al., supra:* '* * * This instrument must be construed in view of the conditions existing at the time of its adoption, and that the right of trial by jury, guaranteed under this broad declaration, is the right as it then existed, and not one created or extended, except by express terms, by the instrument itself. This rule extends to both civil and criminal trials, and is applied by the courts to the Constitutions of all our states. Proffatt on Jury Trial, sec. 87; Cooley, Const. Lim. 74, 389; *State v. Glenn,* 54 Md. 572; *Flint River Steamboat Co. v. Foster,* 5 Ga. 194, 48 Am. Dec. 248; *Ross v. Irving,* 14 Ill. 171; *Anderson v. Caldwell,* 91 Ind. 454, 46 Am. Rep. 613; *Allen v. Anderson,* 57 Ind. 388; *State v. McClear,* 11 Nev. 39; *Frazee v. Beattie,* 26 S. C. 348, 2 S. E. 125; *Stilwell v. Kelloug,* 14 Wis. 461. The rule is elementary, and so well settled that further comment is unnecessary.' "

*Baker v. Newton,* 27 Okla. 436, 112 Pac. 1034, is to the same effect. Also *State Bar Commission ex rel. v. Sullivan,* 35 Okla. 745, 131 Pac. 703, L. R. A. 1915D, 1218.

The contention of plaintiff in error is therefore not well taken, and the petition for rehearing should be denied.

By the Court: It is so ordered.