CLAUS SOTHMAN V. STATE OF NEBRASKA.

FILED NOVEMBER 6, 1902.  No. 12,685.

Commissioner's opinion, Department No. 3.

1. **Intoxicating Liquors**: SEARCH WARRANT: JURY TRIAL. A prosecution under the provisions of sections 20, 21 and 22, chapter 50, Compiled Statutes, although to some extent involving property rights, is not an action for the recovery of money, nor of specific real or personal property, and therefore is not within the provisions of section 280 of the Code of Civil Procedure.

2. **Right of Appeal.** Section 24 of the Bill of Rights applies exclusively to civil cases, and in such cases is satisfied if a party has resort to the court of last resort by appeal, error or otherwise. *Moise v. Powell*, 40 Nebr., 671.

3. **Imprisonment for Debt.** Section 23 of chapter 50, Compiled Statutes, is not in contravention of the provision of the constitution against imprisonment for debt.

4. **Information**: DEMURRER. An information upon which the party charged is to be put upon trial, which, instead of charging an offense in positive terms, merely charges that the county attorney "has reason to believe and does believe" that the acts constituting the offense have been committed by the accused, is vulnerable to a demurrer.

5. **Intoxicating Liquor**: BEER. The courts of this state will take judicial notice that beer is an intoxicant.

6. **Criminal Pleading**: DUPLICITY: ABATEMENT. Where two offenses are charged in the same count of a complaint filed before an examining magistrate, such duplicity does not render the proceedings before such magistrate invalid, nor can it be successfully urged in abatement of an information filed in the district court based on such examination.

7. **Plea in Abatement.** Where a party has had a preliminary hearing, and has been held to answer to the district court, and an information is filed against him in such court, that no warrant has been issued and served on him, based on the offense charged, and that he has never been arrested and brought into court on such charge, is not a good plea in abatement.

8. **Secondary Evidence:** FOUNDATION. It is error to permit a witness, over a proper objection, to answer a question, where such answer involves secondary evidence of the contents of a written instrument, for the admission of which no foundation has been laid, and the conclusion of the witness as to the nature of such instrument.

9. **Charge of Court.** Charge of court examined, and *held* to be a fair and accurate exposition of the law applicable to the case.

ERROR from the district court for Merrick county. Tried below before GRIMISON, J. *Reversed.*

*Harrison & Pearne,* for plaintiff in error.

*Frank N. Prout, Attorney General, Norris Brown, William B. Rose, George W. Ayres* and *John Patterson,* for the state.

ALBERT, C.

A complaint in writing and upon oath was made before the county judge of Merrick county, one count charging the defendant with the crime of keeping intoxicating liquors, namely, beer, whiskey, brandy, wine and alcohol, for sale without license, contrary to law, on certain premises in said county. In another count, he was charged with the unlawful sale of certain intoxicating liquors to a certain person in said county. A warrant issued, in which the offenses were set forth substantially as in the information, directing the officer to search the premises described and seize the liquors if found, and to arrest the defendant. Under the warrant the officers seized a quantity of beer and other liquors, and arrested the defendant. A preliminary examination was had before the county judge, and the defendant was held to answer to the district court. No order was made concerning the liquors seized. Afterward,

an information was filed against the defendant, which, omitting the title and verification, is as follows:

"Be it remembered, that George W. Ayres, county at: torney in and for Merrick county in the state of Nebraska, who prosecutes in the name and by the authority of the state of Nebraska, comes here in person into open court at this, the September term A. D. 1901 thereof, and for the state of Nebraska, gives the court to understand and be informed that he has reason to believe and does believe that intoxicating liquor, to wit, beer was unlawfully and wilfully owned and kept by one Claus Sothman in a certain frame building situated on lot 9, in block 22, of the village of Chapman in said county and state, on the 17th day of June, 1901, that said intoxicating liquor above described was intended to be and was then and there being by and under the direction of the said Claus Sothman, unlawfully sold without license or druggist's permit having been obtained by said Claus Sothman, for the sale of said intoxicating liquors above described according to law, in violation of the provisions of chapter 50 of the Compiled Statutes of Nebraska, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Nebraska.

"Count Two.

"And the county attorney aforesaid who prosecutes as aforesaid in the name and by the authority of the state of Nebraska aforesaid, further gives the court to understand and be informed that he has reason to believe and does believe that intoxicating liquor, to wit, whiskey was wilfully and unlawfully owned and kept by one Claus Sothman, in a certain frame building situated on the west half of lot 9 in block twenty-two of the village of Chapman in said county and state on the 17th day of June A. D. 1901, that said intoxicating liquor above described was intended to be and was then and there being by and under the direction of the said Claus Sothman unlawfully sold without a license or druggist's permit having been obtained by said Claus Sothman for the sale of said intoxicating liquor

above described according to law in violation of the provisions of chapter 50 of the Compiled Statutes of Nebraska, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Nebraska.

### "Count Three.

"And the county attorney aforesaid who prosecutes as aforesaid in the name and by the authority of the state of Nebraska aforesaid, further gives the court to understand and be informed that Claus Sothman late of the county aforesaid on the 28th day of March A. D. 1901, in the county of Merrick and state of Nebraska, aforesaid, unlawfully did sell a certain quantity of liquor, to wit, four glasses of beer, to one Bayard Hamilton Tivis, he, the said Claus Sothman, not then and there having a license to sell malt, spirituous and vinous liquors as by law in that behalf is required and he the said Claus Sothman not then and there having a druggist's permit to sell such liquors, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Nebraska."

A demurrer was interposed to each count of the information, and overruled by the court. The defendant then pleaded in abatement, as to the first and second counts, that he had no preliminary examination on such charges; as to the third, that no warrant had been issued and served upon him on such offense, and that he had never been arrested and brought into court on such offense. The plea in abatement was overruled, and the defendant entered a plea of not guilty. Upon a trial had, the defendant was found guilty on the several counts, and the court imposed a fine of $300. No order was made concerning the liquors seized. The defendant brings error.

It is first urged that the demurrer to the first and second counts should have been sustained. In this behalf it is argued that sections 20, 21 and 22 of chapter 50, Compiled Statutes,* commonly known as the search and seizure law,

---

* Cobbey, Annotated Statutes, secs. 7170-7172.

26

are unconstitutional. It is not, nor could it be success-
fully urged at this late day that the general scope of the
act is not within the police power of the state, but the argu-
ment of the defendant on the constitutionality of the act
is that the constitution provides that the right of trial by
jury shall remain inviolate; that this provision relates to
the right of trial by jury, as it existed when the constitu-
tion was adopted; that when the constitution was adopted
section 280 of the Code of Civil Procedure, which provides
that the trial of all issues of fact arising in actions for the
recovery of money or of specific real or personal property
shall be by jury, was in force; that the search and seizure
law authorizes the destruction of the liquors seized without
a trial by jury; that, therefore, it is unconstitutional.
Among the answers to this argument which suggest them-
selves, the readiest seems to be that prosecutions of this
character are not actions for the recovery of money nor
for the recovery of specific real or personal property;
hence they are not within the provisions of section 280,
*supra.*

Another argument urged against the constitutionality
of the act is that it provides no appeal from the order of
the magistrate for the destruction of the liquors, and is
for that reason in conflict with section 24 of the Bill of
Rights, which provides that the right to be heard in all
civil cases, in the court of last resort, by appeal, error or
otherwise, shall not be denied. Waiving the question
whether the act does provide for such appeal, the section
of the Bill of Rights just quoted applies exclusively to civil
cases. The act under consideration, and the procedure
under it, are criminal in their nature. It is clear, there-
fore, that the section of the Bill of Rights relied on has no
application to cases of this character. Besides, the remedy
by error is open, under the general provisions of the Code,
to any person feeling himself aggrieved by the final order
of any inferior court or tribunal. Section 24 of the Bill of
Rights, is satisfied when a party has resort to the court of
last resort by appeal, error or otherwise. *Moise v. Powell,*
40 Nebr., 671.

The constitutionality of the act is challenged on another ground, and that is that as section 23 of chapter 50, Compiled Statutes, provides for the payment of all fines assessed under the provisions of said chapter into the school fund of the proper district, and for the payment of an amount equal to one-fourth of the amount of the fine actually collected to the complaining witness, therefore one-fourth of the fine is, in effect, a debt due from the defendant to such witness, and, as the payment of the fine is enforced by imprisonment, its enforcement in that manner amounts to an imprisonment for debt, in contravention of the express provisions of the constitution. This position is wholly untenable. The fine is not assessed for the benefit of the complaining witness, nor, for that matter, for the benefit of the school fund, but is a penalty for a violation of the law. The sentence imposing the fine creates no liability in favor of the complaining witness which he could enforce against the defendant by any known civil process. Pushed to its logical conclusion, the argument would emasculate the Criminal Code, because all fines and penalties, when collected, are required to be paid into the school fund, for the use and support of the common schools in the respective subdivisions where they may accrue. Constitution, art. 8, sec. 5. If the defendant's position be sound, every fine imposed is a debt due some specific subdivision of the state, and its enforcement by imprisonment unconstitutional.

But it is urged that the first and second counts of the information are bad, because, instead of directly charging the commission of the offenses therein mentioned, they charge that the county attorney has reason to believe and does believe that such offenses have been committed by the defendant. We think the criticism is just, and that a verdict on those counts should not be permitted to stand. It will be observed that the criticism goes, not to the verification, but to the body of the information. Hence the question of the sufficiency of an information verified on information and belief is not raised. The information is the

foundation stone of the record. The charge should be so direct and positive that, if all the facts stood confessed, the penalty would follow as a logical necessity. The charges here are that the county attorney has reason to believe and does believe that certain offenses were committed by the defendant. Admitting all the facts stated to be true, it does not necessarily follow that the defendant is guilty, but simply that the county attorney believes him to be. The demurrer as to those counts should have been sustained. *Vannatta v. State,* 31 Ind., 210; *Commonwealth v. Phillips,* 16 Pick. [Mass.], 211. This, of course, has no application to an information filed before the examining magistrate in cases of this character.

The objection urged against the third count is that it omits the charge that the beer sold was intoxicating. Whatever may be the holding of other courts, this court has held that it will take judicial notice that beer is an intoxicant. *Peterson v. State,* 63 Nebr., 251; *Kerkow v. Bauer,* 15 Nebr., 150, 155. No sufficient reason has been shown for overruling these cases. Hence the demurrer was properly overruled.

It is next urged that the court erred in overruling the plea in abatement. The plea in abatement as to the first and second counts of the information charges that the defendant had not had a preliminary examination on the charges therein contained. The record of the county judge shows the contrary. It is true the charges contained in the first and second counts in the district court were included in one count before the county judge. But while duplicity in a count upon which a defendant is to be put on trial is fatal, less formality is required on a preliminary hearing, which is not a trial, but simply an investigation to determine whether the defendant should be held for trial. The objection to the third count urged in the plea in abatement is that no warrant had been issued and served on the defendant based on such count, and that the defendant had not been arrested and brought into court on such charge. The purpose of the warrant in a criminal case is

to authorize the officer to arrest the accused and bring him before the court or magistrate. When he appears voluntarily, and pleads to the information, or his presence is secured in some other way, the issuance of a warrant and the arrest of the defendant would be a work of supererogation. The plea in abatement was properly overruled.

One of the witnesses testifying on behalf of the state was asked this question: "I will ask you to state to the jury, if, at the time you took this stuff [referring to the liquors seized], the defendant in this action exhibited to you a government license?" Over a proper objection of the defendant, the witness was permitted to answer the question in the affirmative. The document itself was not introduced in evidence, nor was there any attempt to account for the failure to introduce it. No foundation whatever was laid for the introduction of this testimony, and its reception involved, not only the admission of secondary evidence, but the conclusion of the witness as to the nature of a written instrument. Questions of this character are proper where they are merely preliminary, and their answers have no direct bearing on the issues. But this question was not merely preliminary; on the contrary the answer must have told heavily against the defendant. It conveyed to the jury that at the time of his arrest he had a government license for the sale of intoxicating liquors. A natural inference therefrom would be that he would not have had such license unless he was engaged in the sale of such liquors. The reception of this evidence was prejudicial error.

The principle defense to the merits of the case was that the liquors in question belonged to a social club, and were kept for the use of its members, and that the defendant in dispensing such liquors acted simply as steward of such club, and that such transaction did not amount to a sale. As to that defense, the court instructed the jury as follows:

"14. The jury are instructed that if you find from the evidence, beyond a reasonable doubt, that the defendant

had in his possession beer as alleged in the first count and whiskey as alleged in the second count, on or about the 17th day of June, 1901, and that he then had no license or druggist's permit for the sale thereof, still, if you believe from a consideration of all of the evidence that the defendant is the alleged keeper of liquors for sale as charged in the first and second counts of the information, was merely acting as a steward or clerk of a private club, which had purchased and owned such liquors, the liquors being distributed by said steward or clerk only to other members of the club on checks or coupons, which had been purchased by them and the money so obtained being used for the purpose of paying the steward or clerk for his services, the use of room to which the members of the club and their guests had access and where the liquors were kept, and other expenses of the club; and if you further believe from the evidence that this club was organized and conducted in good faith, with a limited and select membership as well as owning its property in common, and founded for social, literary, artistic or other purposes to which the furnishment of liquor was merely incidental, this would satisfactorily account for and explain the possession of such liquors, if such possession is proved, and you should find the defendant not guilty on the first and second counts of the information. But, if you believe from the evidence that the organization of the club was merely to provide its members with a convenient method of obtaining a drink whenever they desired it, or if the form of the organization was no more than a pretense or device to enable the proprietor to conduct an unlawful traffic, then, in that case he could not have satisfactorily accounted for the possession of the liquor, if such possession be proved in manner and form as hereinbefore explained to you, and you should find him guilty on the first and second counts of the information."

A considerable portion of the defendant's brief is devoted to a criticism of this instruction, and the theory of the case thereby covered. The defendant insists that the

evidence shows that the liquors were owned and kept by a social club, for the use of its members, and that in dispensing such liquors he merely performed his duties as steward of such club. The evidence tends to show the organization of the club, that the defendant was its steward, and that the liquors were owned and kept by it for the purpose stated, and dispensed by the defendant as the club steward. But this evidence is by no means conclusive. The evidence shows that the initiation fee for membership in the club was 25 cents, upon payment of which the novice was given a coupon, which entitled him to a certain quantity of liquor or other refreshments at the disposal of the club. When such coupon was exhausted, another could be had on payment of another 25 cents. The number of coupons issuable to each member was limited only by his willingness and ability to pay for them. The defendant appears to have been not only the steward of the club, but also its clerk and treasurer, and to have devoted his entire time to its interests, without any definite arrangement as to his salary, or for the disposition of the funds accumulating in his hands from the sale of coupons. There is positive and direct testimony of at least one sale to one not a member of the club. The evidence, taken as a whole, was amply sufficient to warrant the jury in finding that the club, with all its perfection of details, was a mere cover for the illicit sale of liquors.* The instruction was proper, and as favorable to the defendant as a fair statement of the law could be.

Other instructions are criticised, but we have examined them with some care, and taken as a whole, the charges of the court seem to be a fair exposition of the law covering the case. Many other errors are assigned. Some of them have been covered by what has already been said; others are on questions of practice settled by the repeated adjudications of this and other courts, and not likely to arise on another trial, hence it would serve no good purpose to consider them at length.

* See Appendix.

For the error in overruling the demurrer to the first and second counts of the information, and for that in the admission of the testimony on the part of the state relating to the government license, we recommend that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

NOTE.—John H. Ames was the author of the so-called Slocumb law—chapter 50, Compiled Statutes. Mr. Slocumb secured its passage through the legislature, and both are entitled to a portion of the credit. The portion of the act construed in the foregoing opinion, is not a part of the original Ames-Slocumb law, Session Laws, 1889, p. 380.—W. F. B.