FLOYD FLINN, APPELLEE, V. HENRY E. FREDRICKSON, AP-
PELLANT.

FILED JUNE 13, 1911.    No. 16,482.

1. **Assault and Battery:** JUSTIFICATION: DIRECTING VERDICT. Where justification is the only defense to a civil suit for assault and battery, the trial court should direct a verdict in favor of plaintiff, if the evidence is insufficient to sustain a judgment in favor of defendant on that issue.

2. **Chattel Mortgages:** UNAUTHORIZED SEIZURE OF CHATTELS. An unreasonable and arbitrary seizure of mortgaged chattels without cause for the purpose of foreclosing a mortgage securing an unmatured note cannot be justified under a clause authorizing mortgagee to take possession of the property, if he "should feel unsafe or insecure."

3. **Action:** MOTIVE. Where plaintiff has stated a valid cause of action for damages, his motive in bringing the suit is, at the trial, immaterial.

4. **Damages:** QUESTION FOR JURY. Where mental anguish, personal injuries and physical suffering are considered in determining compensatory damages, no method of exact computation can be devised, and the amount of the recovery must generally be left to the sound discretion of the jury.

5. **Appeal:** CONFLICTING EVIDENCE. A jury's determination of a fact upon conflicting evidence will not be disturbed unless manifestly wrong.

APPEAL from the district court for Douglas county: HOWARD KENNEDY. JUDGE. *Affirmed.*

*Lysle I. Abbott* and *Ray J. Abbott,* for appellant.

*Albert S. Ritchie* and *Charles L. Fritscher, contra.*

ROSE, J.

The petition contains two counts. In the first plaintiff demands $2,000 for assault and battery, and in the second $1,430 for conversion of an automobile. The jury awarded him $650 on the first count and $369.40 on the second. From a judgment on the verdict for the sum of the two items defendant has appealed.

The first ruling of which complaint is made is the giving of the following instruction: "You are instructed that the defendant has failed in this case to establish the justification pleaded by him in defense of plaintiff's petition, and that under the pleadings and proofs it is your duty to return a verdict for the plaintiff upon both causes of action."

In answering the first count defendant pleaded justification, alleging in substance: November 19, 1907, plaintiff owed him $489.50, evidenced by three promissory notes, one for $50 payable March 1, 1908; one for $50 payable April 1, 1908; and one for $389.50 payable in weekly instalments of $25 each, beginning May 1, 1908. The notes were secured by a chattel mortgage on the automobile, and

while defendant was in lawful possession of it, April 4, 1908, for the purpose of foreclosing his lien, plaintiff attempted to remove it from defendant's garage. To protect his possession defendant took the automobile from plaintiff by force, using no more than was necessary, but while thus engaged was assaulted by plaintiff, and in defending himself forcibly put him out of the automobile, but used no unnecessary force in doing so.

It is shown without dispute, both by the pleadings and by the evidence, that defendant assaulted plaintiff and forcibly ejected him from the automobile. The proofs make it equally clear that defendant was the aggressor, unless at the time of the assault he had a lawful right to the possession of the chattel. Defendant sold the car when it was new for $1,370, and at the time of the assault, about a year later, the notes given by plaintiff for the remainder of the purchase price had all been paid except one for $389.50 payable in weekly installments of $25 each, beginning May 1, 1908. Defendant was a dealer in automobiles. Plaintiff kept the car in controversy for hire. After the 50-dollar note due April 1, 1908, had matured, and before plaintiff had been assaulted four days later, defendant telephoned to plaintiff for the automobile, falsely saying it was wanted at his garage for hire. It arrived a little later in charge of an employee of plaintiff, and defendant seized it and kept it in his possession under the chattel mortgage. A portion of defendant's own testimony may be summarized as follows: Plaintiff called at the office of defendant April 4, 1908, and said he wanted to pay the 50-dollar note due April 1. Defendant told him how much was due, and plaintiff wanted to know how he arrived at the amount, and was informed that it included $2 for a tank on the machine. Plaintiff refused to pay for the tank, and defendant made him a present of it. Plaintiff then paid the note due and interest, took the note, and before passing out of the office door said: "All right for you. You will be sorry for this. Get even with you." Two minutes later when plaintiff was running the automobile out of the

garage past the office, defendant jumped out and said: "Here! you can't take that car until you pay what you owe me on the mortgage." Defendant then pulled out the switch key, thus stopping the car, and returned to his office. A few minutes later the automobile with plaintiff in control was again in motion, heading toward the street. Defendant again rushed out, forcibly took possession of the automobile and ejected plaintiff. Defendant's cross-examination shows, also, that plaintiff paid the 50-dollar note with interest, and left without any demand having been made upon him for payment of the unmatured note, and that defendant at the time considered it was not due.

There is nothing to show that, from the time the note was paid until plaintiff started out of the garage with the car, defendant intended to detain it longer, or that he directed plaintiff not to take it away, or that the latter used any force in obtaining possession of it, or otherwise committed a breach of the peace in doing so. Had defendant a right to take the automobile a few minutes later? He attempts to justify his seizure under the chattel mortgage, which contains a clause authorizing him to take possession, if he "should feel unsafe or insecure." He knew when plaintiff executed the mortgage that the automobile was to be used for hire. He knew it was being used for that purpose. He had telephoned the falsehood that it was wanted at his garage for hire. There is nothing in the record to show an intention on part of plaintiff to use it for any other purpose. The debt had just been reduced $50. In 27 days $25 more would mature, and in default of payment thereof there would be nothing to prevent another seizure. When he saw the automobile rolling out of his garage with plaintiff in possession, he suddenly felt "unsafe and insecure," and rushed out, committed an assault, and took the property. The insecurity clause was never intended to serve such an unreasonable and arbitrary purpose. There must be a cause for feeling insecure. *Newlean & Hoard v. Olson*, 22 Neb. 717. Before the right to take possession of a chattel under an insecurity clause becomes operative,

the mortgagor must be about to do or must have done some act tending to impair the security. *Allen v. Cerny,* 68 Neb. 211; *Meyer v. Michaels,* 69 Neb. 138. In the present case there is no evidence tending to show that plaintiff was about to impair the security. The nature of his business was an inducement to keep the automobile in good condition.

Defendant further attempts to justify his possession through plaintiff's failure to comply with the following clause, which is also copied from the chattel mortgage: "Car to be insured by floating policy." It is urged by defendant that the failure to procure a floating policy was a breach of the mortgage and caused a feeling of insecurity. Both grounds are untenable. The clause is inserted in the mortgage with the description of the property, and failure to comply with its terms is not a stipulated cause for depriving mortgagor of possession at a time when there is no debt or interest due. For the purpose of creating a feeling of insecurity plaintiff's noncompliance is equally futile. The contract nowhere states which party was required to procure the "floating policy," and there is no pleading or proof of any custom controlling that obligation or showing the nature or purpose of the insurance risk contemplated. If it was plaintiff's duty to protect defendant's security by insurance, there is nothing in the record to show that it was not furnished in some form other than that described in the mortgage. Defendant's feeling of insecurity was not warranted by the proofs in support of his defense. It is clear that he had no right to the possession of the automobile when he forcibly took it from plaintiff. He committed an assault when he first pulled out the switch key and interfered with plaintiff's lawful purpose to use his own property and to transport his person to his place of business. The evidence would not justify a finding that plaintiff was the aggressor at any subsequent stage of the controversy. The trial court made no mistake, therefore, in charging the jury that defendant failed to establish the justification pleaded. Since

it is conclusively shown by the evidence that the right of possession was not in defendant at the time of the assault, the right of a mortgagee to forcibly seize the mortgaged chattels, where he is entitled to possession under the terms of the mortgage, will not be discussed or decided.

An instruction authorizing a recovery limited to the compensatory damages proved, if any, is criticised, because it does not direct the jury to take into consideration the facts in mitigation of damages. The instruction related to the assault and battery, and under this assignment defendant has not pointed out any evidence of mitigating circumstances which required such a direction, nor did he request an instruction conforming to his view of the law in that respect. There is nothing in the instruction itself, however, to require a reversal.

Exclusion of testimony tending to show that the action was brought to punish defendant rather than to establish plaintiff's rights is also assigned as an error. Testimony offered for such a purpose may be excluded. Where plaintiff has a valid cause of action, his motive in bringing suit is, at the trial, immaterial. *Jacobson v. Van Boening,* 48 Neb. 80.

The verdict of $650 for the assault and battery is assailed as excessive. The assault was committed in a public place as the automobile was passing out of defendant's garage over the sidewalk in front. If plaintiff told the truth, and of that the jury were the judges, defendant grabbed him by the throat, hit him in the face, took him by the leg and tipped him over on his head. Plaintiff lost a tooth, got a black eye, and his lips and nose bled. He got up, put on his hat, brushed himself, and went away, while defendant called him a thief and said he was stealing that automobile. The crowd laughed. This is his story and the jury evidently believed it. Where mental anguish, caused by a humiliating assault in a public place, personal injuries and physical suffering are considered in determining the compensatory damages sustained, no method of exact computation can be devised, and the

amount of the recovery must generally be left to the sound discretion of the jury. The verdict does not show on its face that it is the result of passion or prejudice, nor does the evidence on which it is based disclose a substantial reason for setting it aside as excessive.

It is insisted, further, that the verdict of $369.40 for conversion of the automobile is excessive. The purchase price of the car when new was $1,370. There is testimony that it was worth $950 at the time of the conversion, and that it then contained a chest of plaintiff's unmortgaged tools valued at about $60. The verdict is less than the difference between the sum of these last two items and the amount due on the mortgage. It is argued, however, that plaintiff, through an intermediary, bought the car at the foreclosure sale, and that, having thus obtained it, he is not entitled to substantial damages for defendant's conversion, since he practically discharged his debt when he paid his bid. If the proposition of law implied by this argument is sound, a point not decided, still defendant has failed to direct attention to an error, because the question of fact as to whether plaintiff purchased the car at the foreclosure sale was submitted to the jury on conflicting evidence and decided in his favor.

No reversible error appearing in the record, the judgment is

AFFIRMED.

FAWCETT, J., dissenting.

I think the recovery on both causes of action is excessive.

As to the first cause of action, I do not think plaintiff was justified in attempting to forcibly remove the automobile from the defendant's garage. Conceding all that is said in the majority opinion about the manner in which defendant obtained possession of the automobile, that would not justify plaintiff in attempting to regain posession of it by force, and thereby bringing on a disturbance of the peace and inviting the physical encounter which ensued. Defendant had obtained possession of the machine peaceably. Conceding that he had obtained that posses-

sion deceitfully, plaintiff was not justified in attempting to forcibly retake it. If entitled to the possession of the machine, replevin, and not force, was his remedy. To justify the course he pursued is to return to the "wild and woolly" period, when the motto of "might makes right" was the accepted code. The record impresses me with the thought that plaintiff went to defendant's place of business, seeking trouble as well as his machine. He got the former, but not the latter. The judgment of $650 for an assault, which in my judgment is not clearly proven, is grossly excessive.

As to the second cause of action, the evidence satisfies me that plaintiff at the sale of the machine under the chattel mortgage was the real purchaser, and he discharged his debt when he paid his bid. He should not be permitted to thus pay his debt and regain and keep the machine and at the same time recover a large judgment against defendant for conversion.

I think the case should either be reversed or plaintiff ordered to enter a substantial remittitur upon each cause of action.