## ONE CADILLAC AUTOMOBILE, 1918 MODEL (HARGROVE, Intervener) v. STATE.

No. 10424—Opinion Filed April 15, 1919.

Rehearing Denied July 8, 1919.

(Syllabus by the Court.)

1. **Jury — Trial by Jury — Constitutional Guaranties.**

The seventh amendment to the federal Constitution was not intended to guarantee a trial by jury to litigants in civil actions in the courts of the several states, and the right to such trial in proceedings pending in state courts must be found in some provision of the state Constitution or statute preserving or granting such right.

2. **Same—State Constitution.**

The right to trial by jury secured to the people of this state by section 19, art. 2, Constitution, is a trial according to the course of the common law as it existed, and the same in substance as that which was in use, when the Constitution was adopted, except as specifically modified by other provisions of the Constitution.

3. **Same—Constitutional Provisions — Forfeiture of Property Used in Conveying Intoxicating Liquors.**

Chapter 188, Session Laws 1917, is not repugnant to the Constitution of the United States nor of this state, because a jury trial

as to the question whether property seized thereunder was being unlawfully used for conveying intoxicating liquors is denied.

Error from District Court, Logan County; John P. Hickam, Judge.

Petition by the County Attorney of Logan County, in the name of the state of Oklahoma, against one Cadillac automobile, 1918 model, tax No. 6870 Mo. 18, engine No. 55P89, for forfeiture as having been used in the unlawful transportation of intoxicating liquors, with intervention by R. M. Hargrove, owner, and plea to the jurisdiction. Decree for the State declaring a forfeiture and ordering a sale, and intervener brings error. Affirmed.

Turner & McAdams, for plaintiff in error.

Fred W. Green and R. C. Bassett, for defendant in error.

HARDY, C. J. On September 7, 1918, the county attorney of Logan county, in the name of the state, filed a petition against one Cadillac automobile, 1918 model, wherein he alleged that one Hargrove and another had unlawfully, willfully, knowingly, and intentionally transported intoxicating liquors in said automobile in said county, contrary to and in violation of the laws of this state, and praying that said automobile be forfeited to the state in pursuance of the provisions of chapter 188, Sess. Laws 1917. Thereafter Hargrove made special appearance and pleaded to the jurisdiction of the court, among other reasons because chapter 188, Sess. Laws 1917, is unconstitutional and void and repugnant to the Constitution of the United States and the state of Oklahoma, in that it specifically denied the right to a trial by jury of the issue as to whether the property seized was being used for unlawful purposes. Trial resulted in a judgment in favor of the state, and Hargrove appeals.

It is now well settled that the Seventh amendment to the federal Constitution was not intended to guarantee a trial by jury to a litigant in a civil action in the courts of the several states, and the right to such trial in proceedings pending in state courts must be found in some provision of the state Constitution or statute preserving or granting such right. St. L. & S. F. R. Co. v. Brown, 45 Okla. 143, 144 Pac. 1075; Adams v. Iten Biscuit Co., 63 Oklahoma, 162 Pac. 944; C. R. I. & P. R. Co. v. Ward, 68 Oklahoma, 173 Pac. 212; Walker v. Sauvinet, 92 U. S. 90, 23 L. Ed. 678; St. L. & S. F. R. Co. v. Brown, 241 U. S. 223, 36 Sup. Ct. 602, 60 L. Ed. 966.

The right to trial by jury, secured to the people of this state by section 19, art. 2, of the Constitution, is a trial according to the course of the common law as it existed

and the same in substance as that which was in use when the Constitution was adopted, except as specifically modified by other provisions of the Constitution. Baker v. Newton, 27 Okla. 436, 112 Pac. 1034, 40 L. R. A. (N. S.) 940; Hale v. Marshall, 52 Okla. 688, 153 Pac. 167; Parker v. Hamilton, 49 Okla. 693, 154 Pac. 65.

In State ex rel. Caldwell v. Hooker, County Judge, 22 Okla. 712, 98 Pac. 964, this court had under consideration an act (Laws 1907-08, p. 594, c. 69) the general object of which was to prohibit traffic in intoxicating liquors, except as therein provided. In that case it was contended that the act was unconstitutional because no provision was made therein for a trial by jury as to property rights. This contention was denied, and the court indulged the presumption that the ordinary procedure before magistrates and county and district courts was contemplated, and therefore the party was entitled to a trial by jury, and that, if the Legislature had intended a procedure different from that usually obtained before such magistrate and courts, it would have so declared. The opinion does not determine whether the act would have been unconstitutional had it specifically denied a right to a jury trial upon such issues.

Section 2 of chapter 188, Sess. Laws 1917, provides:

"Sec. 2. The court having jurisdiction of the property so seized shall without a jury order an immediate hearing as to whether the property so seized was being used for unlawful purposes, and take such legal evidence as are offered on each behalf and determine the same as in civil cases. * * *"

Is this act invalid because it provides for a trial without a jury? The rule in the courts of the United States is that in all cases of seizure on land or upon water, not navigable, the issues of fact therein must be determined by a jury; but, where the seizure is made upon navigable waters, the cause is determined without the intervention of a jury. The Sarah, 8 Wheat, 391, 5 L. Ed. 644; Morris's Cotton, 8 Wall. 507, 19 L. Ed. 481; Confiscation Cases, 20 Wall. 92, 22 L. Ed. 320; Henderson's Distilled Spirits, 14 Wall. 44, 20 L. Ed. 815; Shawnee National Bank v. United States, 249 Fed. 583, 61 C. C. A. 509.

At common law, in case of a forfeiture of real estate, it was necessary that a jury should try the question as to whether a forfeiture should be decreed. 2 Blackstone's Commentaries, c. 18, p. 271. There were numerous instances, however, where summary proceedings were disposed of without the aid

of a jury. 4 Blackstone's Commentaries, c. 20, p. 280; Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385. In all of the states of the American Union, it has been the practice to try persons charged with petty offenses before police magistrates who determine the question of guilt and mete out proper punishment without the intervention of a jury, and it has never been treated by any of the courts as an infraction of the constitutional guarantee of the right to a trial by jury; and the summary abatement of nuisances without judicial process or proceeding was well known to the common law long prior to the adoption of the federal or any of the state Constitutions, and it has never been supposed that the constitutional guaranty of a jury trial was intended to interfere with this jurisdiction and power. Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385. In the last-cited case, the Supreme Court of the United States enumerated certain instances in which summary proceedings were resorted to without the intervention of a jury; among them, the killing of diseased cattle, pulling down houses in the path of a conflagration, the destruction of decayed fruits, fish, unwholesome meats, infected clothing, obscene books, pictures, or instruments which can only be used for illegal purposes. The court observed that it was not easy to draw the line between cases where property illegally used might be destroyed summarily and where judicial proceedings were necessary for its condemnation. That case involved the constitutionality of an act of the Legislature of the state of New York (Laws 1880, c. 591, as amended by Laws 1883, c. 317), entitled "An act for the appointment of game and fish protectors," which authorized the protectors to seize, remove, and destroy any net, pound, or other means or device for catching or capturing fish in violation of the laws of the state. A game and fish protector had destroyed certain nets taken in unlawful fishing, and his authority to do so was upheld. A common illustration of legislation of this kind is the passage of laws providing for summary seizure and destruction of intoxicating liquors kept and intended for illegal sale and the fixtures used in connection with such illegal traffic and the summary destruction of gambling paraphernalia. It is generally held that such laws are not invalid because they deny the right of trial by jury. Our attention is called to no decision by this court, nor do we know of any, determining whether a trial by jury existed in a proceeding of this character prior to statehood. We are therefore compelled to look further to ascertain what was the state of the law in the territory composing this state prior to the adoption of our Constitution. By section 11 of the Organic Act, 26 Stat. at L. 81, certain general laws of the state of Nebraska were temporarily put in force in Oklahoma territory, including the provisions of part 2 of said laws entitled "Code of Civil Procedure," and of part 3, thereof, entitled "Criminal Code." No decision in a proceeding of this character was rendered by the Supreme Court of Nebraska prior to the passage of the Organic Act, but in Sothman v. State, 66 Neb. 302, 92 N. W. 303, it was held that a prosecution under sections 20, 21, and 22, c. 50, Comp. Stat. of that state, commonly known as the "Search and Seizure Law," although to some extent involving property rights, was not an action for the recovery of money nor of specific real or personal property, and therefore was not within the provisions of section 280 of Code of Civil Procedure regulating the right to a trial by jury. In 1893 (St. 1893, secs. 3873-4638), the Legislature of the territory of Oklahoma adopted a Civil Code of Procedure substantially the same as that in force in the state of Kansas. The Supreme Court of Kansas, in State v. McManus, 65 Kan. 720, 70 Pac. 700, sustained the constitutionality of chapter 232, Laws 1901, declaring all places where the illegal traffic in intoxicating liquors was carried on to be nuisances, and providing for the summary condemnation and destruction of the property used in such traffic. It was contended that this act was in violation of article 14, sec. 1, of the Constitution of the United States and of certain sections of the state Constitution, including section 19 of the Bill of Rights, which provides that the right of a trial by jury should remain inviolate. The proceeding was held to be a proceeding in rem and to afford due process of law and to be unobjectionable in so far as the provisions of the state Constitution were considered. Other decisions sustaining the validity of similar legislation are as follows: Kirkland v. State, 72 Ark. 171, 78 S. W. 770, 65 L. R. A. 76, 105 Am. St. Rep. 25, 2 Ann. Cas. 242; Kite v. People, 32 Colo. 5, 74 Pac. 886; Glennon v. Britton, 155 Ill. 232, 40 N. E. 594; Frost v. People, 193 Ill. 635, 61 N. E. 1054, 86 Am. St. Rep. 352; Board of Police Com'rs v. Wagner, 93 Md. 182, 48 Atl. 455, 52 L. R. A. 775, 86 Am. St. Rep. 423; State v. O'Neil, 58 Vt. 163, 2 Atl. 586, 56 Am. Rep. 557; Weller v. Snover, 42 N. J. Law, 341; State v. Intoxicating Liquors, 82 Vt. 287, 73 Atl. 586; Williams v. Blackwell, 2 Hurls. & C. 33. The requirements in section 2, c. 188, that the court should take evidence and determine the issues as in civil cases, does not mean that a jury should be impaneled for the trial of

such issues. A jury trial is not necessary to constitute due process of law, for there are many civil causes in this state that are triable before the court without the intervention of a jury. This proposition is deemed so well settled as to need the citation of no authorities in support thereof.

This proceeding is not an action for the recovery of specific real or personal property, but is a proceeding in rem, and is not one of that class of cases where a jury trial may be claimed by virtue of section 19, art. 2, of the Constitution.

In Shawnee National Bank v. United States, 249 Fed. 583, 61 C. C. A. 509, the Circuit Court of Appeals for the Eighth Circuit held, in a proceeding to forfeit an automobile seized on land under Revised Stat. sec. 2140 (Comp. Stat. sec. 4141), on the ground that it had been used in conveying intoxicating liquors into the Indian country, that the parties were entitled to the usual rights and remedies incident to such an action, including the right to a trial by jury. That cause originated in the District Court of the United States for the Western District of Oklahoma, and the right of the parties to a jury trial was governed by the rule prevailing in the federal courts, and the case is not conclusive of the question in the case at bar. Where the property involved is of minor value, such as dice, cards, gambling tables, bar fixtures, or fish nets, numerous decisions could be cited where similar property was involved. At the time most of these statutes were enacted and decisions construing them were rendered, the automobile and truck had not come into general use, and, while an automobile is a valuable article of property, the manufacture of which is perfectly lawful, and while it is ordinarily used for lawful purposes, this does not prevent the Legislature from prohibiting the use thereof in aid of the illegal traffic in intoxicating liquors and authorizing its summary destruction where such illegal use has been established. Lawton v. Steele, supra; State v. O'Neil, 58 Vt. 140, 2 Atl. 586, 56 Am. Rep. 557.

Other questions, not being briefed or urged in the oral argument, will not be considered. The fact that the automobile was being illegally used was established in this proceeding in the manner provided by law, and the decree declaring it forfeited to the state and ordering a sale thereof is affirmed.