Day, J.
 

 It is conceded that the Stark county workhouse was built and is controlled because of a special act of tbe Legislature, and may be regarded as a single county workhouse in contradistinction to
 
 *584
 
 a municipal workhouse, and that therefore the same is not within the exception under Section 11150, General Code, in reference to “persons confined in workhouses established by municipal corporations,” but that the Stark county workhouse comes within the general provisions of such section, entitling a person who is imprisoned under process for a fine, penalty, or costs in a criminal proceeding to the benefit of the Insolvent Debtor’s Act, “unless the judgment in the case requires imprisonment till the fine, penalty, or costs, be paid. ’ ’
 

 The inquiry in the present case must therefore narrow itself to the point whether, when the judgment requires imprisonment until' the fine and costs be paid, it deprives the prisoner of the benefit of the Insolvent Debtor’s Act. The court sentencing the accused could have sent him to the jail of Huron county, but it also had power to send him to a workhouse of some other county, if there was none in Huron county.
 

 Sections 13717, 13718, and 13719, General Code, are pertinent to the discussion, being of a general nature and applicable to a workhouse as well as a jail, where a prisoner may be sent to a workhouse instead of a jail, and the same provide as -follows:
 

 ‘ ‘
 
 Sec. 13717. "When a fine is the whole or a part of a sentence, the court or magistrate may order that the person sentenced remain imprisoned in jail until such fine and costs are paid, or secured to be paid, or he is otherwise legally discharged, provided that the person so imprisoned shall receive credit upon such fine and costs at the rate of one dollar and a half per day for each day’s imprisonment.
 

 ‘ ‘ Sec. 13718. "When a magistrate or court renders
 
 *585
 
 judgment for a fine, an execution may issue for such judgment and the costs of prosecution, to be levied on the property, or, in default thereof, upon the body of the defendant. The officer holding such writ may arrest such defendant in any county and commit him to jail of the county in which such writ issued, until such fine and costs are paid, or secured to be paid, or he is otherwise legally discharged.
 

 “Sec. 13719. An execution, as provided in the next preceding section, may issue to the sheriff of any county in which the defendant resides, is found or has property, and the sheriff shall execute the writ. If the defendant is taken, the sheriff shall commit him to the jail of the county in which the writ issued, and deliver a certified copy of the writ to the sheriff of such county, who shall detain the offender until he is discharged as provided in such section.”
 

 Prom the foregoing sections it is deducible that, when a person is fined and execution is issued against his body for the nonpayment of the fine, and he is imprisoned in accordance with Section 13718, General Code, then he may only be imprisoned “until such fine and costs are paid, or secured to be paid, or he is otherwise legally discharged.”
 

 What is the meaning of the expression, “Or he is otherwise .legally discharged?” It may be by executive pardon, or by serving sufficient time to receive credit at the rate of one dollar and a half per day for each day’s imprisonment (Section 13717, General Code); but does the provision of Section 11150, General Code, “unless the judgment in the case requires imprisonment till the fine, penalty, or costs, be paid,” deprive the prisoner- of a legal discharge under the Insolvent Debtor’s Act?
 

 
 *586
 
 Fines and penalties imposed upon- defendants for violation of state laws are not debts within the meaning of the constitutional inhibition for imprisonment for debts, and therefore a defendant can be imprisoned for nonpayment thereof. They are not obligations incurred by contract
 
 inter partes,
 
 but are the result of being members of the social compact or body politic.
 

 Therefore we think it is well settled that commitment to jail in default of payment of fine and costs is not imprisonment for debt; consequently, a fine is not a debt, and, unless there, is some specific statutory provision which inures to the benefit of the relator, the statutes relative to insolvent debtors do not apply.
 

 There are numerous holdings that commitment to jail in default of payment of fine and costs is not. imprisonment for debt; nor is a person so committed sentenced to a term in prison.
 
 Carr
 
 v.
 
 State,
 
 106 Ala., 35, 17 So., 350, 34 L. R. A., 651, 54 Am. St. Rep., 17;
 
 State
 
 v.
 
 Coal Co.,
 
 130 Tenn., 275, 170 S. W., 56, L. R. A., 1915B., 647; 21 R. C. L., 212; 25 Corpus Juris, 1157 and 1159; 12 Corpus Juris, 940, and cases cited in footnote 31;
 
 Lee
 
 v.
 
 State,
 
 75 Ala., 29;
 
 State
 
 v.
 
 Mace,
 
 5 Md., 337;
 
 State
 
 v.
 
 Cannady,
 
 78 N. C., 539;
 
 Dixon
 
 v.
 
 State,
 
 2 Tex., 481;
 
 Morgan
 
 v.
 
 State,
 
 47 Ala., 34;
 
 Thompson
 
 v.
 
 State,
 
 16 Ind., 516;
 
 McCool
 
 v.
 
 State,
 
 23 Ind., 127;
 
 Mosley
 
 v.
 
 Gallatin,
 
 10 Lea, (78 Tenn.), 494;
 
 Ex parte Dig,
 
 86 Miss., 597, 38 So., 730;
 
 Sothman
 
 v.
 
 State,
 
 66 Neb., 302, 92 N. W., 303;
 
 In the Matter of Beall,
 
 26 Ohio St., 195.
 

 In view of the fact that the relator must rely for relief upon the application of Section 11150, G-eneral
 
 *587
 
 Code, it is necessary to consider the same in detail. The insolvency statutes had their beginning in 29 Ohio Laws, 329, but at the time of their enactment they did not apply to persons who were imprisoned for a fine, penalty, or costs in criminal proceedings. This feature was first incorporated in the amendment of February 1,1853, as found in 51 Ohio Laws, 323 (Swan & Critchfieíd, 708). The same provided as follows:
 

 “That any person who may be imprisoned under any process issued from any of the courts of this state, for the collection of any fine or penalty imposed by virtue of any law of this state for the punishment of any offense, shall be entitled to all the benefit of the act entitled ‘An act for the relief of Insolvent Debtors,’ and of any law amendatory thereof, in the same manner as though the amount of said fine, penalty or costs had been recovered against such person in any civil action; Provided that the judgment defendant shall not be entitled to the benefit of this act until the expiration of sixty days’ imprisonment on such judgment, unless the court rendering said judgment, or any judge thereof in vacation, shall otherwise direct.”
 

 In the codification of general laws into the Revised Statutes of 1880, this section appears to have been carried into the latter part of Section 6361, Revised Statutes, wherein it was provided:
 

 “And any person who may be imprisoned under any process for any fine, penalty, or costs, in any criminal proceeding, shall be entitled to the benefit of this section, at any time after he shall have been imprisoned under such process for the period of sixty days, unless the judgment in the case requires
 
 *588
 
 imprisonment till the fine, penalty, or costs, he paid; but this provision shall not extend to any person confined in any workhouse established by any municipal corporation.”
 

 It is to be noted that the section as carried under Section 6361, Revised Statutes, made the provision that one could not be entitled to the benefit of the section even after the 60 days if “the judgment in the case requires imprisonment until the fine, penalty, or costs, be paid,” and a further limitation that the benefit of the insolvency section “shall not extend to any person confined in any workhouse established by any municipal corporation.” A construction of this latter clause is not required by the present record, and we express no opinion thereon.
 

 This section next appears in its present form in the General Code as Section 11150, and, with slight change in phraseology, it is the same as it appeared in the Revised Statutes as Section 6361. The chief point to be noted is that the section in its present form differs from its original form as found in the Act of February 1, 1853, 51 Ohio Laws, 323, in that there was no exception as to a judgment in a case requiring imprisonment until the fine, penalty, or costs, be paid. The decision in the case of
 
 Ex parte Scott,
 
 19 Ohio St., 581, which is cited and relied upon by defendant in error, was decided at the December term, 1869, before the amendment as to a judgment in a case requiring imprisonment until the fine, penalty, or costs are paid. At the time of that decision there was no exception as to a judgment requiring imprisonment until the fine, penalty, or costs were paid.
 

 . It is argued that the provision of the sentence,
 
 *589
 
 “until such fine and costs are paid,” or until “he is otherwise legally discharged,” requires the release of the relator under this insolvency provision. It must be understood that there are several methods of effecting the legal discharge of the accused, to-wit, pardon by the Governor, or parole, or release by credit upon the fine and costs at the rate of a dollar and a half per day, under Section 13717, General Code. Any of these methods would have effected a legal discharge of the prisoner.
 

 The construction claimed by the relator renders the language of Section 11150, General Code, meaningless, wherein it is provided “unless the judgment in the case requires imprisonment till the fine, penalty, or costs, be paid. ’ ’ This exception of the very act under which the relator seeks to be discharged would have no effect, and in statutory construction all parts of a statute must be given meaning if the same can be done under the rules of legal construction. The trial court may, under Section 13717, General Code, order that the person sentenced remain imprisoned until such fine and costs are paid, or secured to be paid, or he is otherwise legally discharged, provided that such person shall receive a credit upon his fine and costs at the rate of one dollar and a half per day for each day’s imprisonment, in which event the accused serving such a sentence may legally be discharged by the provisions of such section, or pardoned or paroled; but he is not entitled, by the very exception of Section 11150, to the benefit of the discharge under such section. However, in the event the magistrate should fine a person convicted without ordering him to be imprisoned until such fine and costs are paid, the ac
 
 *590
 
 cused might still, under Section 13718, General Code, he taken into custody, upon execution, and confined in jail until such fine and costs are paid, or secured to he paid, or he is otherwise legally discharged as provided in Section 13718, in which latter contingency, after serving 60 days, the accused would be entitled to the benefit of the Insolvency Act, and might secure his discharge under Section 11150, General Code, the judgment not requiring his imprisonment until the fine, penalty, or costs are paid. Hence, not being within the exception, Section 11150 applies, and the accused might be discharged thereunder.
 

 Our attention is called to the case of
 
 Hamilton
 
 v.
 
 State,
 
 78 Ohio St., 76, 84 N. E., 601, which decides that “it is the duty of the court in pronouncing judgment against the accused in a criminal case to pronounce, the judgment provided by law,” and a sentence not using the statutory language as to his discharge, “while not wholly void is incomplete and erroneous, and where such sentence has not been executed, it will be reversed.” This point is not involved in the present record, although it may be noted that the judge writing the opinion said, at page 86 (84 N. E., 604):
 

 “Inasmuch as a person committed to the workhouse, in default of the payment of fine and costs, may no longer be released or discharged therefrom under the laws providing for the relief of insolvent debtors.”
 

 Citing Section 1536-370, Revised Statutes, now Section 4129, General Code.
 

 The statutes relative to the various kinds of workhouses, municipal, district, county, and joint
 
 *591
 
 county, are the result of various enactments covering a period of years, and some confusion has resulted. The Legislature might well abolish any distinction, and codify and simplify the laws relative thereto. By so doing, questions of constitutionality of statutes growing out of such classification might be eliminated. The present record, however, does not present such question.
 

 If the words of Section 11150, General Code, “unless the judgment in the case requires imprisonment till the fine,-penalty, or costs, be paid,” are to be eliminated from the statute in questiqn, it is the duty of the Legislature to do so rather than for this court to reach that end by construction.
 

 Being of opinion that the judgment in the present case provided for the imprisonment of the relator until the fine and costs were paid, or he be otherwise legally discharged, such judgment denies to him the benefit of Section 11150, General Code, and his legal discharge may be effected only by pardon, parole, or credit upon his fine and costs at the rate of one dollar and a half per day, as provided in Section 13717. It follows, therefore, that the relief prayed for must be denied, and the judgment of the Court of Appeals reversed, and final judgment rendered for plaintiff, in error, and the petition in mandamus dismissed at the costs of the relator.
 

 Judgment reversed.
 

 Marshall, C. J., Allen, Kinkade, Robinson and Matthias, JJ., concur.