PATHFINDER LIFE INSURANCE COMPANY, APPELLEE, V.
DANIEL W. LIVINGSTON ET AL., APPELLANTS.

299 N. W. 537

FILED AUGUST 1, 1941. No. 31171.

*Lloyd E. Peterson, Harry Grimminger* and *Daniel W. Livingston*, for appellants.

*Ray M. Higgins* and *Sterling F. Mutz, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is a suit in equity brought in the district court for Hall county for a permanent injunction preventing plaintiffs in equity in another independent suit in equity from proceeding further therein and from commencing or prosecuting any other proceeding of the same nature.

It is shown by the record herein, the second suit in equity, that Daniel W. Livingston and Joel H. Andrews, policyholders in the Pathfinder Life Insurance Company, on behalf of themselves and all other policyholders similarly situated, plaintiffs, brought in the district court for Hall county a suit in equity against Stanley D. Long, John E. Hoye, John Stevens, E. H. Lorenzen, G. S. Cooley, F. V. Hulquist, F. A. Robertson and the Pathfinder Life Insurance Company, defendants, alleging that the individuals named as defendants are officers and directors of the insurance company and as such unlawfully expended reserve funds of the insurance company and misappropriated $101,-319.34 of insurance funds, and that the policyholders prayed for an accounting of misappropriated funds and for judgment therefor in favor of the insurance company against its officers and directors. It is further shown by the record herein that the policyholders named alleged in

their original petition in equity that by extravagant and profligate expenditure of insurance funds the officers and directors of the insurance company caused its insolvency and that there was a prayer for the appointment of a receiver.

To prevent prosecution of the suit of the policyholders, based on the petition in equity containing the allegations summarized, the Pathfinder Life Insurance Company commenced a second suit in equity in the district court for Hall county against Daniel W. Livingston, Joel H. Andrews and Harry Grimminger in which it alleged, among other things, that the suit of the policyholders was not brought in good faith but to harass, annoy and damage the insurance company. Another alleged ground for an injunction to prevent the prosecution of the former suit was in substance that the authority to bring a suit for the relief sought by the policyholders is, in the first instance, exclusively in the department of insurance. On pleadings that put these allegations in issue, the parties in the second suit went to trial before the district court. The decree reads thus:

"It is therefore considered, ordered, adjudged and decreed that the defendants, Daniel W. Livingston, Joel H. Andrews and Harry Grimminger be permanently enjoined from pursuing the action in the district court of Hall county, Nebraska, entitled 'Daniel W. Livingston and Joel H. Andrews, etc., plaintiffs, v. Stanley D. Long et al., defendants,' or in any manner carrying on said action by filing pleadings or amended petitions or otherwise prosecuting the said action in court, and enjoining said defendants from taking depositions of any witnesses whomsoever in said cause; that the defendants and each of them be enjoined from filing any additional actions in the district court based upon such claimed allegations and enjoined from bringing other actions against the plaintiff of a similar character in the district court."

From this decree the policyholders appealed to the supreme court.

As a ground for the injunction and as a justification for the decree, counsel argue that the suit of the policyholders was not brought in good faith but to harass, annoy and damage the company. On this proposition *Shevalier v. Stephenson,* 92 Neb. 675, 139 N. W. 233, is cited. That case is not in point. The prosecutions enjoined were successive actions brought and dismissed, plaintiff refusing to go to trial. The policyholders in their suit insisted on prosecuting it, but were restrained at the suit of the insurance company from doing so. The rule applicable to this feature of the controversy herein has been stated as follows:

"Where one has a valid cause of action against another, his motive in instituting it is immaterial, and the fact that it is inspired by malice is no defense." *Jacobson v. Van Boening,* 48 Neb. 80, 66 N. W. 993. See, also, *Cleland v. Anderson,* 66 Neb. 252, 92 N. W. 306; *Cobbey v. State Journal Co.,* 77 Neb. 619, 110 N. W. 643; *Flinn v. Fredrickson,* 89 Neb. 563, 131 N. W. 934.

The insurance company also relies on exclusive jurisdiction of the insurance department of the state, in the first instance, to commence and prosecute an action for the redress sought by the policyholders in their suit against the insurance company, its officers and directors. This position is untenable. One purpose of the suit of the policyholders, as shown by their petition, was to require the officers and directors of the insurance company to account for alleged misappropriated insurance funds in which the policyholders had an interest and to recover judgment against the wrong-doers therefor. Their hostility to an accounting in the district court is shown by their resort to injunction to prevent it. The district court was empowered by the Constitution to redress such wrongs in equity, a jurisdiction not taken away by the insurance code or by any other legislative enactment, a power not conferred on any other tribunal. This question of jurisdiction was discussed at length and answered adversely to the position of the insurance company in the recent case of

*Clark v. Lincoln Liberty Life Ins. Co.*, 139 Neb. 65, 296 N. W. 449.   The injunction was unauthorized and is reversed and the suit in which it was granted dismissed.

REVERSED AND DISMISSED.